NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-1480, -1481, -1482, -1523

HARTCO ENGINEERING, INC.,

Plaintiff-Cross Appellant,

v.

WANG'S INTERNATIONAL, INC., PILOT AUTOMOTIVE, INC.,
PEP BOYS – MANNY, MOE & JACK, INC.,
and OVERTON'S, INC.,

Defendants-Appellants.

———————————————

DECIDED: July 25, 2005

———————————————

Before CLEVENGER, GAJARSA, and PROST, <u>Circuit Judges</u>.

PROST, <u>Circuit Judge</u>.

Defendants-Appellants Wang's International, Inc. ("Wang's"), Pilot Automotive, Inc., Pep Boys – Manny, Moe & Jack, Inc., and Overton's, Inc. (collectively, "appellants")[1] appeal from a denial of their motion for judgment as a matter of law or alternatively for a new trial by the United States District Court for the Eastern District of Louisiana after a jury verdict of willful patent and trade dress infringement, as well as damages. Hartco Engineering, Inc. ("Hartco") cross-appeals the damage award,

---

[1] Pep Boys – Manny, Moe & Jack, Inc. and Overton's, Inc. are customers of Wang's International, Inc. and Wang's sister company, Pilot Automotive, Inc., with limited involvement in the activities that gave rise to this action. Specifically, they are only involved in the patent infringement claim.

arguing that it should be increased. The patent at issue, U.S. Patent No. D401,194 ("the '194 patent"), is directed to a design for a decorative marine-propeller device that attaches to the trailer hitch of a vehicle and spins from the force of moving air similar to a windmill. The trade dress at issue generally relates to the design of the product, the decorative hitchcover, and the packaging of that product. Because the jury findings on design patent and product design trade dress infringement are not supported by substantial evidence, we <u>reverse</u> the district court's denial of appellants' motion for judgment as a matter of law on those decisions. We <u>affirm</u> the district court's denial of appellants' motion for judgment as a matter of law on trade dress infringement on packaging, <u>vacate</u> the damages decision, and dismiss the cross-appeal.

## I. BACKGROUND

Hartco is the owner of the '194 patent, issued on November 17, 1998, which claims a design for a novelty trailer hitchcover featuring a three-blade marine propeller. The hitchcover is a decorative device that spins from the force of moving air when attached to the trailer hitch of a vehicle. In 1998, Wang's, a major distributor of automotive accessories, agreed to purchase and distribute the hitchcovers from Hartco for two years under Wang's "BULLY" trademark. Near the end of 2000, when the licensing agreement was due to expire, Hartco proposed to raise the price by approximately forty percent to correspond to the price Hartco charged other distributors. Wang's declined Hartco's offer, opting instead to design its own four-blade hitchcover alleging that there were certain defects in Hartco's product, including a poor chrome finish and problems with the propeller rotation. Wang's patent application on its four-

blade propeller was issued as U.S. Patent No. 6,086,438 ("the '438 patent") on July 11, 2000.

While the agreement was in effect, Wang's marketed the licensed Hartco product with a blue insert card showing a picture of the product on the upper right corner and clear plastic packaging to display the product. The blue insert card also included both Wang's "BULLY" trademark and Hartco's "PROP'R-HITCHCOVER" trademark on the upper left corner, a green curved stripe underneath the lettering for Hartco's trademark, and a yellow ten-pointed star below the green stripe with the slogan "rotates while you drive" written inside the star. Following the agreement's expiration in December 2000, Wang's began marketing its new four-bladed hitchcover product without the Hartco trademark, the green curved stripe, or the yellow ten-pointed star that appeared on the earlier licensed product. Additionally, Wang's added the '438 patent number and model number. Wang's also changed the slogan on the packaging from "rotates while you drive" to "rotates freely as you drive." However, Wang's continued to use the blue insert card with a picture of the product in use on the upper right corner, its "BULLY" trademark on the upper left corner, and clear plastic packaging to display the product. Hartco packaged its own three-bladed product also in a clear plastic case with a blue insert card that had a picture on the same corner, but without any slogan, curved stripe, or star.

In May 2001, Hartco filed a complaint against appellants alleging patent and trade dress infringement. On October 7, 2003, the district court issued a pre-trial order adopting appellants' construction of the scope of the '194 patent of "an automotive hitch cover having a propeller with three blades attached to an elongate hollow tongue of

generally square cross section having four circular features in the interior corners of the tongue and a fifth central circular feature, all visible on the end remote from the propeller." A jury trial was then held on March 22, 2004. After a three-day trial, the jury found willful patent and trade dress infringement and awarded $1,799,845 in damages to Hartco. The district court thereafter entered final judgment on the jury verdict awarding injunctive relief and monetary relief to Hartco. Because the jury award erroneously accounted for both Hartco's lost sales and Wang's profits, the district court reduced the amount of the award to $826,749, Hartco's lost sales, plus pre-judgment interest. The district court then increased the damages award by $383,936 for enhanced damages, and awarded $190,000 for attorney fees and $40,547 for out-of-pocket expenses. On July 13, 2004, the district court denied appellants' motion to enter a judgment as a matter of law in their favor or, alternatively, to grant a new trial. This appeal ensued.

This court has jurisdiction over this appeal under 28 U.S.C. § 1292(c)(2) and 28 U.S.C. § 1295(a)(1).

## II. DISCUSSION

This court reviews a jury finding of infringement under a "substantial evidence" test. Union Carbide v. Shell Oil Co., 308 F.3d 1167, 1177 (Fed. Cir. 2002). We reverse the denial of a motion for judgment as a matter of law if there is "no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149 (2000).

The issues on appeal involve design patent and trade dress infringement, as well as damages.

A. Design Patent

The jury found that appellants willfully infringed Hartco's design patent of a decorative hitchcover. Appellants appeal this decision on the grounds that the verdict of patent infringement is not supported by substantial evidence, pointing out the differences, namely the extra (fourth) blade and the lack of the "four circular features" between the accused device and the patented design. Appellants additionally argue that the district court erred in its jury instructions for the patent infringement claim by failing to instruct the jury to apply the claim construction and by directing the jury to compare the accused device to the commercial product instead of the claimed product. Finally, appellants contend that the district court erred by allowing Hartco to show a videotape of the two devices in motion, which appellants argue obscured the differences.

Hartco responds that the differences between the accused device and the patented design of the extra blade and the "four circular features" are irrelevant because the two different designs are impossible for customers to distinguish. Hartco argues that an addition of a fourth blade and an absence of the four circular features are not substantial changes and that the jury correctly found that the products are visually the same. Furthermore, Hartco responds that the jury instructions were proper, arguing that the device claimed by the Hartco patent and its commercially produced device are identical.

Design patent protection is very narrow, covering only what is shown in the drawings in the patent. In re Mann, 861 F.2d 1581, 1582 (Fed. Cir. 1988); see also Elmer v. ICC Fabricating, 67 F.3d 1571, 1577 (Fed. Cir. 1995). Protection is further

limited to only the novel ornamental features of the patented design.  OddzOn Prods. v. Just Toys, 122 F.3d 1396, 1405 (Fed. Cir. 1997); Keystone Retaining Wall Sys., Inc. v. Westrock, Inc., 997 F.2d 1444, 1450 (Fed. Cir. 1993); Lee v. Dayton-Hudson Corp., 838 F.2d 1186, 1188 (Fed. Cir. 1988).  Thus, if a design contains functional and ornamental features, the patentee must show the alleged infringement based on the ornamental features only.  OddzOn, 122 F.3d at 1405; Read Corp. v. Portec, Inc., 970 F.2d 816, 825 (Fed. Cir. 1992).

We agree with the district court's depiction of the drawings of the '194 patent as showing a hitchcover "with three blades" attached to a tongue "having four circular features" that are visible.  Only these ornamental aspects of Hartco's patented hitchcover design, not the broader, general hitchcover concept that merely mimics a propeller, are protected.  See OddzOn, 122 F.3d at 1405; see also Durling v. Spectrum Furniture Co., 101 F.3d 100, 104 (Fed. Cir. 1996).  Therefore, Hartco's design patent does not cover any hitchcover shaped as a propeller with any number of blades, regardless of its ornamental features.  See OddzOn, 122 F.3d at 1400.  Specifically, the inclusion of blades, a nose, and a tongue are part of the general propeller concept and not protected ornamental aspects independent of their unique configuration.  See Durling, 101 F.3d at 104.  Instead, only the number and shape of the blades, as well as the four circular features, are ornamental aspects, subject to patent protection.  Hartco chose to include these features in its design application and limited the scope of its patent claim to that design, see Elmer, 67 F.3d at 1577.

Following claim construction, determining patent infringement next requires comparison of the patented and accused designs overall.  Contessa Food Prods. Inc. v.

04-1480, -1481, -1482, -1523                6

Conagra, Inc., 282 F.3d 1370, 1376 (Fed. Cir. 2002); Elmer, 67 F.3d at 1577. "Comparison to the accused product includes two distinct tests, both of which must be satisfied in order to find infringement: (a) the 'ordinary observer' test, and (b) the 'point of novelty' test." Contessa, 282 F.3d at 1377; Unidynamics Corp. v. Automatic Prods. Int'l, Ltd., 157 F.3d 1311, 1323 (Fed. Cir. 1998); Gorham Co. v. White, 81 U.S. (14 Wall.) 511, 528 (1871). The two tests are separate, with the "point of novelty" test requiring proof that the accused device infringes the novel aspects of patented design as distinct from the prior art. Contessa, 282 F.3d at 1377; Litton Sys., Inc. v. Whirlpool Corp., 728 F.2d 1423, 1444 (Fed. Cir. 1984). Under the ordinary observer test, "[o]ne must compare the ornamental features of the patented design, as shown in all of the drawings, to the features of the alleged infringing product visible at anytime during normal use of the product." Contessa, 282 F.3d at 1380.

Comparing the two designs, we disagree with the district court that the jury verdict of design patent infringement was supported by substantial evidence. The designs do not have to be identical to an accused device to be protected, see OddzOn, 122 F.3d at 1405, but Hartco's patented design is limited to the design it claimed with the three-blades and four circular features. Appellants' four-blade product has a substantially different overall ornamental appearance from the claimed three-blade product. See Elmer, 67 F.3d at 1577-78. As no reasonable jury could have concluded that the overall visual appearance of the claimed design is substantially similar to the accused design, we do not need to employ the point of novelty test. See KeyStone Retaining Wall Sys., 997 F.2d at 1451. We thus reverse the district court's denial of

judgment of noninfringement as a matter of law, together with the award of damages for design patent infringement.[2]

## B. Trade Dress Infringement

The jury found that the appellants infringed Hartco's trade dress of the hitchcover design and packaging. Appellants appeal the denial of their motion for judgment as a matter of law on trade dress infringement as to both product configuration and packaging, also contending that the district court erred in its jury instructions for the trade dress infringement claims. Specifically, they argue that the instructions erroneously lacked any discussion of the elements to prove secondary meaning for product configuration and inherent distinctiveness for packaging.

Hartco responds that trade dress can be protected absent secondary meaning. Thus, under its interpretation of trade dress law, Hartco further argues that the jury was properly instructed, rendering a reasonable verdict. Hartco alternatively argues that, even if secondary meaning is necessary to prove trade dress infringement on the product and the package, it showed secondary meaning and that this court should therefore uphold the jury verdict.

Protection for trade dress is provided by § 43(a) of the Lanham Act, which creates a federal cause of action for trade dress infringement. See 15 U.S.C. § 1125(a) (1994); see also Elmer, 67 F.3d at 1578. Trade dress refers to product packaging and the design of the product itself, and involves the total image, including the size, shape, color, and texture. Elmer, 67 F.3d at 1578. Trade dress is protectible under § 43(a) if it

---

[2] In light of our finding of non-infringement, we do not reach the other related issues raised by the appellants, including their challenge of the jury instructions.

is distinctive, either inherently or as acquired through secondary meaning, and nonfunctional. Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 769 (1992). "It is, of course, also undisputed that liability under § 43(a) requires proof of the likelihood of confusion." Id. "Because trade dress issues are not unique to the exclusive jurisdiction of the Federal Circuit, we defer to the law of the regional circuit in which the district court sits," id., and thus, we apply Fifth Circuit law on this issue. See Imagineering, Inc. v. Van Klassens, Inc., 53 F.3d 1260, 1263 (Fed. Cir. 1995); see also KeyStone Retaining Wall Sys., 997 F.2d at 1447.

### 1. Product Design

Under Fifth Circuit law, trade dress protects only the overall appearance of a product. Eng'g Dynamics v. Structural Software, 26 F.3d 1335, 1350 (5th Cir. 1994); Allied Mktg. Group, Inc. v. CDL Mktg., Inc., 878 F.2d 806, 812 (5th Cir. 1989); Elmer, 67 F.3d at 1578. In order to prevail on its trade dress infringement claims for the product configuration, Hartco was required show that the trade dress was "nonfunctional, distinctive, and has acquired a secondary meaning." See Eng'g Dynamics, 26 F.3d at 1350. Second, it had to show a likelihood of customer confusion. Id.; see also Taco Cabana Int'l, Inc. v. Two Pesos, Inc., 932 F.2d 1113, 1117-18 (5th Cir. 1991), aff'd, 505 U.S. 763 (1992).

We reject Hartco's argument that the hitchcover design is inherently distinctive and thus it does not have to show that the trade dress acquired secondary meaning as to the product. See Wal-Mart Stores, Inc. v. Samara Bros., 529 U.S. 205, 212 (2000). Rather, a product design cannot be inherently distinctive as a matter of law. Id. at 215. Therefore, it is necessary to determine whether Hartco met its burden of presenting

sufficient evidence to support a finding of secondary meaning. See Sugar Busters LLC v. Brennan, 177 F.3d 258, 269 (5th Cir. 1999). Under Fifth Circuit law, length and nature of use, sales volume and advertising, consumer surveys and testimony, and appellants' intent are the relevant factors regarding secondary meaning. Pebble Beach Co. v. Tour 18 I, 155 F.3d 526, 541 (5th Cir. 1998).

Reviewing the record, we note that although Hartco sold its hitchcover for four years before appellants released their own version, it offered no evidence that sales volume, advertising, nature of use, or appellants' intent proved that its trade dress had acquired secondary meaning. Moreover, Hartco introduced no survey evidence, which is the most direct and persuasive evidence for establishing secondary meaning. Sugar Busters, 177 F.3d at 269. We thus conclude that Hartco did not meet its burden of establishing secondary meaning and thus that the trade dress of the product is not protectible. See Two Pesos, 505 U.S. at 766, n.4; see also Inwood Labs., Inc. v. Ives Labs., Inc., 456 U.S. 844, 851, n.11 (1982). Therefore, substantial evidence does not support a finding of trade dress infringement on the product design. As no reasonable jury could have concluded that Hartco showed secondary meaning, we reverse the district court's denial of judgment of noninfringement as a matter of law, together with the award of damages relevant to trade dress infringement.

## 2. Packaging

Unlike product configuration, product packaging is capable of being inherently distinctive and thus a showing of secondary meaning may be unnecessary to prevail on a trade dress claim. Two Pesos, 505 U.S. at 766. Packaging trade dress is inherently distinctive if its intrinsic nature identifies the source of a product. In this case, Hartco's

packaging trade dress includes the clear plastic package showing the product inside and the blue cardboard background with white lettering identifying the product and Hartco's trademark "PROP'R-HITCHCOVER" with red lines in the upper left hand corner and a picture of the product in position on a vehicle and the product's patent information in the upper right hand corner. Separately, these elements may be descriptive and thus not subject to trade dress protection. See Taco Cabana, 932 F.2d at 1120. However, taken together, Hartco's trade dress is ipso facto inherently distinctive and thus, subject to protection under § 43(a) of the Lanham Act. See id.

We next determine whether the packaging of the accused trade dress creates a likelihood of consumer confusion. Under Fifth Circuit law, the seven elements relevant to determining consumer confusion are: "(1) the type of mark allegedly infringed, (2) the similarity between the two marks, (3) the similarity of the products or services, (4) the identity of the retail outlets and purchasers, (5) the identity of the advertising media used, (6) the defendant's intent, and (7) any evidence of actual confusion." Pebble Beach, 155 F.3d at 543. Here, Hartco presented evidence that the forms of trade dress are similar, the products are interchangeable, the purchasers and advertisers are the same, and there was actual confusion among customers. Hartco further presented evidence that Wang's intended to copy Hartco's packaging. We therefore find that appellants have not shown that the jury verdict is not supported by substantial evidence and we therefore affirm the district court's denial of appellants' motion for judgment as a matter of law for trade dress infringement on packaging.

CONCLUSION

We reverse the district court's denial of appellants' motion for judgment as a matter of law on design patent infringement and trade dress infringement on product design. We affirm the district court's denial of appellants' motion for judgment as a matter of law on trade dress infringement on packaging, and vacate the damages decision, including the enhancement of damages, out-of-pocket expenses, and attorney fees, for further proceedings to determine the appropriate damages award for the packaging trade dress infringement.[3] We dismiss the cross-appeal.

No costs.

---

[3] Because we are vacating the award of damages, we do not need to reach the issues raised by appellants regarding damages. We note, however, that Rule 52(a) of the Federal Rules of Civil Procedure provides that a court must explain the factual and legal conclusions supporting any enhancement decision, Chandler v. City of Dallas, 958 F.2d 85, 90 (5th Cir. 1992), and that award of attorney fees based on contingency fee agreements has been rejected by the Supreme Court, City of Burlington v. Dague, 505 U.S. 557, 565-67 (1992).