**In re Phylliss B. MANN.**

**Appeal No. 88–1423.**

United States Court of Appeals, Federal Circuit.

Decided Oct. 11, 1988.
Unpublished Opinion Issued Oct. 11, 1988.
Published Opinion Issued Nov. 23, 1988.

Evan Finkel, Spensley Horn Jubas & Lubitz, Los Angeles, Cal., argued for appellant.  Paul L. Gardner, Spensley Horn Jubas & Lubitz, Los Angeles, Cal., was on the brief for appellant.

Lee E. Barrett, Associate Sol., Office of the Sol., Arlington, Va., argued for appellee.  With him on the brief was Fred E. McKelvey.

Before RICH, SMITH, and NIES, Circuit Judges.

RICH, Circuit Judge.

This appeal is from the decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences (board) affirming the final rejection of the examiner rejecting the claim of Design Patent Application serial No. 884,749 filed July 11, 1986, for a design for a Wrought Iron Table.  We *affirm*.

## OPINION

Appellant has failed to overcome the rejection as set forth in the Examiner's Answer, which was on the sole ground that a table embodying the design claimed was publicly displayed at a trade show in this country on July 7, 1985, more than one year before the application was filed, and a patent is therefore barred by 35 U.S.C. § 102(b).

We find no merit in appellant's arguments that the design was not "in public use" because "the table was not used in its natural and intended way" because it was "merely on display," that display at the trade show was not a public use, and that the showing of the table embodying the design was "experimental."  The only use possible for an ornamental design is its embodiment, exhibition, and observation.

The case primarily relied on, *International Silver Co. v. Julie Pomerantz, Inc.*, 271 F.2d 69, 123 USPQ 108 (2d Cir.1959), is distinguishable.  The reason the exhibition of a photograph of a prototype of the flatware embodying the design was there held not a "public use" appears to have been the restriction of its exhibition to a group of only 100 agency-selected persons by way of

an advertising agency's closely controlled survey to determine preferences with respect to the design at bar and several other designs. In any event, the case is not a binding precedent on this court.

We see no way in which an ornamental design *for* an article of manufacture can be subject to the "experimental use" exception applicable in the case of functioning machines, manufactures, or processes. Obtaining the reactions of people to a design —whether or not they like it—is not "experimentation" in that sense. In the case of a design, if market testing shows that it has no appeal and the design is *changed,* the result is a new and different design; the original design remains just what it was. Design patents have almost no scope. The claim at bar, as in all design cases, is limited to what is shown in the application drawings.

The decision of the board is

AFFIRMED.