**WINNER INTERNATIONAL CORP.
and James E. Winner, P.A.,
Plaintiffs–Appellants,**

v.

**WOLO MANUFACTURING CORP.,
Defendant/Cross–Appellant.**

Nos. 90–1003, 90–1029.

United States Court of Appeals,
Federal Circuit.

April 30, 1990.

Opinion Published June 4, 1990.

Robert V. Vickers, Body, Vickers & Daniels, of Cleveland, Ohio, argued for plaintiffs-appellants. With him on the brief was Thomas E. Young.

Robert C. Scheinfeld, Brumbaugh, Graves, Donohue & Raymond, New York City, argued for defendant/cross-appellant. With him on the brief was James J. Maune.

Before RICH and MICHEL, Circuit Judges, and SENTER, Chief Judge *.

RICH, Circuit Judge.

Plaintiffs–Appellants Winner International Corp. and James E. Winner (collectively Winner) appeal from the August 29, 1989 Order of the United States District Court for the Eastern District of New

---

* Chief Judge L.T. Senter, Jr. of the District Court for the Northern District of Mississippi, sitting by designation.

York, Case No. 88 CV 176, denying Winner's motion for summary judgment and granting Defendant/Cross–Appellant Wolo Manufacturing Corp.'s (Wolo's) motion for summary judgment, based on invalidity and noninfringement of the patent in suit, U.S. Des. Pat. No. 289,491 ('491 patent) entitled "Automobile Steering Lock." Wolo cross-appeals the denial, in the August 29, 1989 Order, of Wolo's motion for sanctions. We affirm on the ground of noninfringement.

## OPINION

### A. *Infringement*

The anti-theft, bar-type steering wheel lock ornamental design claimed in the patent in suit is shown in the two figures selected from the drawings shown below:

The alleged infringing device is shown in this picture:

In reviewing a district court's grant of summary judgment, this court reviews de novo the district court's conclusion that there was no genuine issue of material fact and that the moving party was entitled to judgment as a matter of law. *Avia Group Intern., Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1561, 7 USPQ2d 1548, 1550 (Fed.Cir.1988). In this case, the ultimate issue of infringement is a question of fact which is both material and disputed by the parties. The question before this court is whether that dispute is *genuine*. The Supreme Court has held that a dispute is genuine for the purposes of summary judg-

ment if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

■ Winner recognizes the "point of novelty" approach set forth by this court in *Litton Systems, Inc. v. Whirlpool Corp.*, 728 F.2d 1423, 1444, 221 USPQ 97, 109 (Fed.Cir.1984), but argues that the magistrate, whose analysis was adopted by the district court with minor modifications, erred in not considering the *overall* configuration and appearance of the patented design as a "point of novelty." We are not persuaded by this argument. To consider the overall appearance of a design without regard to prior art would eviscerate the purpose of the "point of novelty" approach, which is to focus on those aspects of a design which render the design different from prior art designs. *Litton*, 728 F.2d at 1444, 221 USPQ at 109–110.

■ The magistrate properly focussed on those aspects of the '491 patent design which distinguish it from the prior art, and found the differences between the patented design and the WB–40 to be so numerous and substantial that a reasonable jury could not find infringement. We agree with her analysis. The diamond-shaped lock and serrated rod are part of the prior art steering wheel/brake lock devices. And the handgrip, yoke, and hook of the WB–40 are distinctly different from those of the patented design, rendering the appearance of the devices substantially different.

■ The magistrate also did not, as urged by Winner, improperly ignore the evidence presented by the Yousef affidavit. First, simply because the magistrate did not mention this evidence in her infringement analysis does not mean that she did not consider it. Second, this one instance of actual confusion is not sufficiently probative to create a genuine dispute of fact as to infringement, especially considering that the affidavit does not indicate whether the confusion was caused by those aspects which distinguish the patented design from the prior art.

### B. *Validity*

 Because we uphold the district court's finding of non-infringement, we vacate that portion of the Order holding the '491 patent invalid. *See Vieau v. Japax, Inc.*, 823 F.2d 1510, 1517, 3 USPQ2d 1094, 1100 (Fed.Cir.1987).

### C. *Sanctions and Attorneys Fees*

 With respect to exhibit C of Winner's complaint, which shows Wolo's device allegedly "doctored" to include a handgrip, the magistrate concluded that it was not unreasonable for Winner to have concluded that Wolo was, in fact, selling a device with a handgrip. We do not consider this finding to be clearly erroneous. With respect to exhibit D of the complaint which shows Wolo's device with a portion thereof removed, we are of the opinion that this "modification" is adequately explained in the complaint. Therefore, the district court did not abuse its discretion in refusing to impose Rule 11 sanctions against Winner. *See Everpure, Inc. v. Cuno, Inc.*, 875 F.2d 300, 304, 10 USPQ2d 1855, 1857 (Fed.Cir. 1989).

We also disagree with Wolo that this appeal can be deemed "frivolous." Therefore, we decline to assess attorneys fees under either 35 U.S.C. § 285 or FRAP Rule 38.

### COSTS

Appellants Winner to bear the costs.

AFFIRMED IN PART, VACATED IN PART.