975 F.2d 868
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ILLINOIS TOOL WORKS INC., Plaintiff-Appellant,
v.
RAWLPLUG CO INC., Defendant-Appellee.
 No. 91-1492.
 United States Court of Appeals, Federal Circuit.
 July 8, 1992.
 
 Before NIES, Chief Judge, SKELTON, Senior Judge and LOURIE, Circuit Judge.
 DECISION
 NIES, Chief Judge.
 
 
 1
 Illinois Tool Works, Inc. (ITW) appeals from the judgment of the United States District Court for the Northern District of Illinois, in its patent infringement suit against Rawlplug Co., Inc., Illinois Tool Works, Inc. v. The Rawlplug Co., Inc., No. 90 C 1742 (N.D.Ill. Aug. 15, 1991). The district court granted summary judgment, finding that Rawlplug's "Zip-it" anchor did not infringe asserted claims 1 and 10 of ITW's U.S. Patent No. 4,601,625 (the '625 patent). We affirm.
 
 DISCUSSION
 
 2
 Summary judgment is appropriate where no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In reviewing a grant of summary judgment, we review de novo the district court's conclusions that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Winner Int'l Corp. v. Wolo Mfg. Corp., 905 F.2d 375, 376, 15 USPQ2d 1076, 1077 (Fed.Cir.1990).
 
 Claim 1
 
 3
 ITW argues the district court gave the term "notch" in claim 1 too narrow a meaning. Per ITW, properly interpreted, claim 1 reads literally on the accused structure. We disagree. As shown by the prosecution history, the patentee chose the term "notch" and required that the notch be "adjacent" to the body to distinguish over a separation plane. As so interpreted, the accused device which has a separation plane, not a notch, does not meet the claim language literally.
 
 
 4
 ITW also argues for literal infringement on the basis of structural equivalency of a separation plane to a "notch means" under 35 U.S.C. § 112 p 6 (1988). ITW is correct that, under section 112 paragraph 6, a claim limitation is satisfied if the structure which literally meets the claim language is equivalent to the structure disclosed in the specification. However, ITW is incorrect that, under section 112 paragraph 6, there can be literal infringement even though the claim does not literally read on an accused device. In effect, ITW would have us read "notch means" as simply "means," which legally is impermissible. Such "interpretation" of the claim would not only eliminate a limitation, but would eliminate a limitation required to overcome prior art. In sum, ITW has failed to show that the district court erred as a matter of law in granting summary judgment of noninfringement respecting claim 1.
 
 Claim 10
 
 5
 With respect to claim 10, ITW, on appeal, argues only that the district court erred in granting summary judgment of noninfringement under the doctrine of equivalents. To avoid summary judgment, ITW had the burden of creating a genuine factual issue respecting whether Rawlplug's device performs substantially the same function in substantially the same way to achieve substantially the same result as the claimed invention. Graver Tank & Mfg. Co. v. Linde Air Prods. Co., 339 U.S. 605, 608 (1950). The requirement that a device function "in the same way" means that every limitation of the claim must be satisfied at least equivalently. Pennwalt Corp. v. Durand-Wayland, Inc., 833 F.2d 931, 935, 4 USPQ2d 1737, 1739 (Fed.Cir.1987), cert. denied, 485 U.S. 961 & 1009 (1988).
 
 
 6
 ITW attempted to create an issue of equivalency between a "generally flat pointed" drill tip with a "spoonlike indentation communicating" with the bore, as required by the claim, and structure of the accused device. Rawlplug's accused anchor has a star-shaped drill tip consisting of a pair of cutting blades and a pair of guide blades located on opposite sides of the longitudinal separation plane, the cutting and guide blades being at right angles to each other. The tip portion of the accused device has no spoonlike indentation anywhere (as ITW concedes). ITW points to part of the bore, namely a "conical" terminus, as equivalent to a "spoonlike indentation."
 
 
 7
 ITW submitted an affidavit stating in essence that, because the two drill tips drill holes by rotation and the mounting screw is guided in both devices, the substituted and required structures are equivalents. We are unpersuaded that these overall general characteristics of any drill create an issue of fact respecting whether the accused device satisfies the structural limitations of the claim equivalently. The claim is not written in such generalities but rather specifies particular structure and arrangements of components. Rawlplug's device does not contain the limitations of the claim and ITW presented no evidence that persuades us that the specific changes in structure are insubstantial. Thus, the district court did not err in granting summary judgment. We would add that ITW has also presented no evidence showing an equitable basis for invoking the doctrine of equivalents in this case. London v. Carson Pirie Scott & Co., 946 F.2d 1534, 1538, 20 USPQ2d 1456, 1458-59 (Fed.Cir.1991).