**TROPICANA PRODUCTS, INC., Plaintiff,**

**v.**

**LAND O'LAKES, INC., Defendant.**

**No. CIV.A.02–358–JJF.**

United States District Court, D. Delaware.

Oct. 7, 2003.

Richard D. Kirk, Esquire of Morris, James, Hitchens & Williams LLP, Wilmington, DE, Of Counsel: Ethan Horwitz, Ira Jay Levy, and Adam B. Michaels, Esquires of Goodwin Procter LLP, New York City, for Plaintiff.

Barry M. Klayman, Esquire of Wolf, Block, Schorr and Solis–Cohen LLP, Wilmington, DE, Of Counsel: Jeffrey D. Shewchuk and Peter J. Ims, Esquires of Kinney & Lange P.A., Minneapolis, MN, for Defendant.

### MEMORANDUM OPINION

FARNAN, District Judge.

Before the Court are Tropicana Products, Inc.'s ("Tropicana") Motion for Sum-

fees, and costs, which has also been pending before the Court, is now denied as moot.

mary Judgment of Noninfringement (D.I.63) and Motion for Summary Judgment of Patent Unenforceability (D.I.136).[1] For the reasons discussed, the Court will grant Tropicana's Motion for Summary Judgment of Noninfringement (D.I.63).

On May 5, 2002, Tropicana filed this action against Land O'Lakes ("Land O'Lakes") seeking a declaratory judgment that Tropicana's 14 ounce juice bottle (the "Tropicana bottle") does not infringe Land O'Lakes's U.S. Design Patent No. Des. 428,813 (the " '813 patent").

## I. TROPICANA'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT

By its Motion, Tropicana contends the ordinary consumer, who would have a reasonable familiarity with the differences among bottles and bottle shapes based on the large number of beverage bottles on the market today, would not find the Tropicana bottle and the bottle design of the '813 patent to be visually similar. Tropicana contends the upper sections, the lower sections, the necks, and the bottoms of the bottles are shaped differently. Tropicana contends that its bottle does not appropriate any point of novelty from the '813 design.

In response, Land O'Lakes contends that an ordinary consumer would find the two designs visually similar. Land O'Lakes contends that both bottles generally have the hourglass shape of a buxom woman. Land O'Lakes also relies on an expert's geometric analysis of the bottles showing that the bottles are geometrically

similar. Land O'Lakes contends the '813 bottle design has several points of novelty that distinguish it from the prior art: (1) the shape of the bottle is smooth and flowing; (2) it has a waist above the vertical midpoint of the bottle; (3) both the top and bottom sections smoothly blend from a smaller diameter at their top, to a larger diameter in their middle, to a smaller diameter at their bottom; and (4) the overall proportions of the bottle compare in a generalized way to the hourglass shape and proportions of a woman's body.

Federal Rule of Civil Procedure 56 provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial burden of identifying for the court the portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once a properly supported motion for summary judgment is made, the nonmoving party then "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). To determine whether there is a genuine issue for trial, the court must decide whether "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202

---

**1.** Also pending before the Court are Land O'Lakes, Inc.'s ("Land O'Lakes") Motion for Summary Judgment on Issues of Patent Validity and Unenforceability (D.I.60), Land O'Lakes's Cross–Motion for Summary Judgment of Infringment (D.I.81), and Tropicana's Motion for Partial Summary Judgment of No

Willful Infringement (D.I.71). Because of the decision on the infringement issue, the Court will deny the remaining motions (D.I.60, 71, 81) as moot. The Court will decide any objections filed to the denial of the remaining motions.

(1986). In other words, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial" and summary judgment is appropriate. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

■■■ "[I]n determining whether a product design infringes a design patent, two distinct tests must be applied: the ordinary observer test and the point of novelty test." Robert L. Harmon, *Patents and the Federal Circuit* § 2.4(b) (6th Ed.2003). The ordinary observer test, by which overall visual similarity is determined, is set forth in *Gorham Mfg. Co. v. White*:

> If, in the eyes of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

81 U.S. (14 Wall.) 511, 528, 20 L.Ed. 731 (1871). The ordinary observer test requires the fact-finder to compare the two designs and determine whether the patented design as a whole is substantially the same in appearance as the accused design. *Braun, Inc. v. Dynamics Corp. of Am.*, 975 F.2d 815, 820 (Fed.Cir.1992). To compare the designs, the Court need not look beyond the drawings of the '813 patent and the design of the Tropicana bottle. *Id.* Furthermore, the Court may resolve the issue of infringement of a design patent as a matter of law on the basis of mere visual comparison of the patented design and the accused product. *Bush Indus., Inc. v. O'Sullivan Indus., Inc.*, 772 F.Supp. 1442, 1458 (D.Del.1991).

■■■ After visually comparing the design of the '813 patent (D.I.62, Ex. B) and the Tropicana bottle (Plaintiff's Ex. 2 introduced at the August 13, 2003, hearing), I conclude that no rational trier of fact could find that the designs are substantially similar such that an ordinary observer would be induced to mistakenly purchase one instead of the other. In my view, the designs are different and do not share an overall visual similarity. The general appearance of the '813 patent design is that of a flaring bell atop a taller, narrower flaring bell (or an hourglass). In contrast, the Tropicana bottle looks like a sphere atop a straight cylinder (or an orange suspended above a juice glass). Because of these differences, I conclude as a matter of law that the Tropicana bottle does not infringe under the ordinary observer test.

The point of novelty test is distinct from the ordinary observer test and requires that the accused device contain substantially the same points of novelty that distinguished the patented design from the prior art. *Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber*, 162 F.3d 1113, 1118 (Fed.Cir.1998). Thus, to satisfy the point of novelty test in this case, the Tropicana bottle would have to contain the points of novelty that distinguished the design of the '813 patent from the prior art.

Land O'Lakes contends that the Tropicana bottle adopts the following points of novelty of the '813 patent: (1) a smooth and flowing design; (2) a waist above the vertical midpoint of the bottle, which separates the bottle into a top section and a bottom section; (3) a top section and a bottom section that smoothly blend from a smaller diameter at their top, to a larger diameter at their middle, to a smaller diameter at their bottom; and (4) overall proportions that compare in a generalized way to the shape of a woman's body.

Tropicana contends that Land O'Lakes incorrectly relies on the overall design of the '813 patent as a point of novelty and that Land O'Lakes's claimed points of novelty do not distinguish the '813 patent from the prior art. In essence, Tropicana contends that the '813 patent has no points of novelty that could have been appropriated by Tropicana in designing the Tropicana bottle.

■ I conclude that the Tropicana bottle does not satisfy the point of novelty test because Land O'Lakes has not demonstrated that the design of the '813 patent has any points of novelty. The first point of novelty that Land O'Lakes asserts over the prior art is the smooth and flowing nature of its bottle design. However, I find that the terms "smooth and flowing" are vague and have in the context of this dispute, almost no descriptive force. Additionally, I note that smooth and flowing bottle designs are common in the prior art (D.I. 65, Ex. 16, 18, & 20–26), and, so I conclude that such a design description is not a point of novelty. For the same reason, I find that Land O'Lakes's second asserted point of novelty, a waist above the vertical midpoint, is common in the prior art (D.I. 64, Ex. 14 & 27–44) and likewise not a point of novelty.

■ With regard to Land O'Lakes's third point of novelty, a bottle with top and bottom sections that smoothly blend from a small top diameter to a larger middle diameter and then back to a small bottom diameter, I find this design point is clearly taught in the prior art (D.I. 64, Ex. 20–24 & 26) and thus, cannot be considered a

point of novelty. Finally, Land O'Lakes's fourth point of novelty, a bottle in the shape of a woman's body, can also be found in the prior art (D.I.64, Ex. 76–77), and therefore, I find is not novel. Based on these conclusions, I find that the Tropicana bottle does not satisfy the point of novelty test as a matter of law.

In sum, because the Tropicana bottle satisfies neither the ordinary observer test nor the point of novelty test, I conclude that the Tropicana bottle does not infringe the '813 patent, and accordingly, I will grant Tropicana's Motion for Summary Judgment of Noninfringement (D.I.63).[2]

An appropriate Order will be entered.

### *ORDER*

At Wilmington this 7th day of October 2003, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. Tropicana Products, Inc.'s Motion for Summary Judgment of Noninfringement (D.I.63) is *GRANTED*.

2. Land O'Lakes, Inc.'s Motion for Summary Judgment on Issues of Patent Validity and Unenforceability (D.I.60) is *DENIED* as moot.

3. Land O'Lakes's Cross–Motion for Summary Judgment of Infringement (D.I.81) is *DENIED* as moot.

4. Tropicana's Motion for Partial Summary Judgment of No Willful Infringement (D.I.71) is *DENIED* as moot.

5. The parties shall submit their comments concerning the Court's "tentative"

---

**2.** I have concluded that the Tropicana bottle does not infringe the '813 patent, and therefore, I believe Tropicana's Motion for Summary Judgment of Patent Unenforceability (D.I.136) is now moot. However, I have reached a decision on the unenforceability motion which I could enter as a "tentative"

decision for consideration by the Federal Circuit in the event the Federal Circuit disagrees with my conclusions on the infringement issue. Before I enter a tentative decision on unenforceability, I request that counsel comment on the proposed procedure by October 20, 2003.

decision on unenforceability by October 20, 2003. After consideration of the parties' comments, the Court will enter a Final Judgment Order.