# United States Court of Appeals for the Federal Circuit

05-1253

LAWMAN ARMOR CORPORATION,

Plaintiff-Appellant,

v.

WINNER INTERNATIONAL, LLC
and WINNER HOLDING LLC,

Defendants-Appellees.

Roberta Jacobs-Meadway, Ballard Spahr Andrews & Ingersoll, LLP, of Philadelphia, Pennsylvania, argued for plaintiff-appellant. With her on the brief were Lynn E. Rzonca and Corey Field.

Philip J. Moy, Jr., Fay, Sharpe, Fagan, Minnich & McKee, LLP, of Cleveland, Ohio, argued for defendants-appellees. With him on the brief was Jude A. Fry.

Appealed from: United States District Court for the Eastern District of Pennsylvania

Senior Judge Robert F. Kelly

# United States Court of Appeals for the Federal Circuit

05-1253

LAWMAN ARMOR CORPORATION,

Plaintiff–Appellant,

v.

WINNER INTERNATIONAL, LLC and
WINNER HOLDING LLC,

Defendants–Appellees.

_____

DECIDED:  February 22, 2006
_____


Before MICHEL, Chief Judge, FRIEDMAN, Senior Circuit Judge, and DYK, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

In this design patent case, the district court held that infringement had not been shown because each of the alleged "points of novelty" of the patented design was disclosed in the prior art.  Lawman Armor Corp. v. Winner Int'l, 2005 U.S. Dist. LEXIS 2078, No. 02-CV-4595 (E.D. Pa. Feb. 15, 2005) (slip opinion).  We affirm that ruling, and reject the patentee's contention that the combination in the patent of the many non-novel "points of novelty" itself was an additional "point of novelty."  We therefore affirm the district court's grant of summary judgment of non-infringement.

I

The basic facts are largely undisputed. The appellant Lawman Armor Corporation ("Lawman") is the exclusive licensee of U.S. Design Patent No. Des. 357,621 ("'621 patent"), which claims "[t]he ornamental design for a sliding hook portion of a vehicle steering wheel lock assembly, as shown and described." The patent contains seven drawings of different views of the device. Figure 1 of the patent shown below, illustrates the device, which has two curving hooks that are attached to the steering wheel to lock it in place:



FIG. 1

Lawman sued the appellees Winner International, LLC and Winner Holding LLC (collectively "Winner") in the United States District Court for the Eastern District of Pennsylvania for infringement of the '621 patent. After the district court construed the claim in the patent, Winner moved for summary judgment of non-infringement. In opposition, Lawman listed eight specific "points of novelty" in the patented design. These included "[t]he open ends of the hooks face outward from the shaft" and "[t]he shaft includes a pattern of ridges." In response, Winner "simply list[ed] Lawman's proposed points of novelty and cite[d] to automobile wheel lock patents that depict Lawman's proposed points." 2005 U.S. Dist. LEXIS 2078.

The district court granted Winner summary judgment of non-infringement. The court held that "Lawman's proposed points of novelty are found in the prior art" and thus that "Lawman has failed to create a material issue of fact regarding the point of novelty test." Id.

II

In comparing a design patent claim to the accused design to determine infringement, a court must apply "two distinct tests, both of which must be satisfied in order to find infringement: (a) the 'ordinary observer' test, and (b) the 'point of novelty' test." Contessa Food Prods., Inc. v. Conagra, Inc., 282 F.3d 1370, 1377 (Fed. Cir. 2002). See Unidynamics Corp. v. Automatic Prods. Int'l, Ltd., 157 F.3d 1311, 1323 (Fed. Cir. 1998). The "ordinary observer" test requires comparison of the two designs from the viewpoint of the ordinary observer to "determine whether the patented design as a whole is substantially the same as the accused design." Tropicana Prods., Inc. v. Land O' Lakes, Inc., 286 F. Supp. 2d 343, 345 (D. Del. 2003) (citing Braun Inc. v. Dynamics Corp. of Am., 975 F.2d 815, 820 (Fed. Cir. 1992)). Under the "point of novelty" test, a court must determine whether "the accused device . . . appropriate[s] the novelty in the patented device which distinguishes it from the prior art." Litton Sys., Inc. v. Whirlpool Corp., 728 F.2d 1423, 1444 (Fed. Cir. 1984), (quoting Sears, Roebuck & Co. v. Talge, 140 F.2d 395, 396 (8th Cir. 1944)). See generally Bernhardt, L.L.C. v. Collezione Europa USA, Inc., 386 F.3d 1371, 1384 (Fed. Cir. 2004) (discussing the required showing for the "point of novelty" test).

The district court ruled that factual disputes precluded summary judgment under the "ordinary observer" test, but granted summary judgment for Winner under the "point

of novelty" test. Lawman had specified eight "points of novelty" that allegedly distinguished the patented design in the '621 patent from the prior art. In response, Winner had listed specific prior art patents that allegedly disclosed each of Lawman's "points of novelty." As noted, the district court held that "Lawman's proposed points of novelty are found in the prior art."

Lawman does not directly challenge this latter ruling. It makes no attempt to show either that the district court incorrectly accepted the eight "points of novelty" or that the prior art patents do not disclose those points. Instead, it argues only that the district court failed to make sufficient findings as to the scope and content of the prior art, and also failed to determine the "points of novelty" of the '621 patent. Basically, it argues only that there are factual issues on these points, not that the district court erroneously resolved those questions.

We review the district court's grant of summary judgment de novo. Contessa, 282 F.3d at 1376; Conroy v. Reebok Int'l, Ltd., 14 F.3d 1570, 1575 (Fed. Cir. 1994). There is no general requirement that a district court make specific findings before granting summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1985). See also Union Carbide Corp. v. Am. Can Co., 272 F.2d 1567, 1573-74 (Fed. Cir. 1984). All that is required is that district courts provide "sufficient findings and reasoning to permit our review." Cunningham v. Laser Golf Corp., 222 F.3d 943, 951 (Fed. Cir. 2000). See also Stratoflex, Inc. v. Aeroquip Corp., 713 F.2d 1530, 1540 (Fed. Cir. 1983) ("[W]e sit to review judgments, not opinions.").

The district court's memorandum shows that the court accepted Lawman's proposed "points of novelty" in their entirety, and also agreed with Winner that the prior

art (various different design patents) disclosed each of those "points of novelty." We have examined the patents that Winner cited and conclude that they disclose the eight "points of novelty" that Lawman specified. The district court was not required to make the more detailed rulings or findings that Lawman apparently seeks, or to specify which particular patents disclosed each of the eight points of novelty.

Lawman stresses that there is no "suggestion to combine visual elements in the alleged prior art to achieve the '621 patent." Whether there is any suggestion to combine prior art references may be relevant in a validity inquiry to determine obviousness. Litton, 728 F.2d at 1444. It has no place in the infringement issue in this case. Id.

What Lawman's contention comes down to is that the D'621 patent contains a ninth "point of novelty," namely, the combination in a single design of the eight non-novel "points of novelty" it embodies. This argument is inconsistent with, and would seriously undermine, the rationale of the "points of novelty" test.

"The purpose of the 'points of novelty' approach . . . is to focus on those aspects of a design which render the design different from prior art designs." Winner Int'l Corp. v. Wolo Mfg. Corp., 905 F.2d 375, 376 (Fed. Cir. 1990), overruled in part on other grounds by Cardinal Chem. Co. v. Morton Int'l., 508 U.S. 83 (1993). "New" designs frequently involve only relatively small changes in the shape, size, placement, or color of elements of old designs. It is those changes in and departures from the old designs that constitute the "points of novelty" in the patented new design.

If the combination of old elements shown in the prior art is itself sufficient to constitute a "point of novelty" of a new design, it would be the rare design that would not

have a point of novelty.  The practical effect of Lawman's theory would be virtually to eliminate the significance of the "points of novelty" test in determining infringement of design patents, and to provide patent protection for designs that in fact involve no significant changes from the prior art.  Id. ("To consider the overall appearance of a design without regard to prior art would eviscerate the purpose of the 'point of novelty' approach, which is to focus on those aspects of a design which render the design different from prior art designs.").

Lawman seeks support for its argument in our decision in Litton Systems v. Whirlpool, 728 F.2d 1423.  That decision does not aid Lawman.

In Litton we reversed a district court's finding of infringement of a design patent because of a trial court's "failure to apply the correct legal standard of infringement in design patent cases."  Id. at 1444.  This court explained that under the "points of novelty" test, "even though the court compares two items through the eyes of the ordinary observer, it must nevertheless, to find infringement, attribute their similarity to the novelty which distinguishes the patented device from the prior art."  Id.  Litton did not hold that the combination of several points of novelty was itself a point of novelty, but rather held that there were several points of novelty in the patented design, none of which was found in the accused design.  Lawman's argument would stand the "points of novelty" test on its head, and defeat its purpose.

CONCLUSION

The district court's summary judgment of non-infringement is

AFFIRMED.

05-1253                                    6