# United States Court of Appeals for the Federal Circuit

2005-1253

LAWMAN ARMOR CORPORATION,

Plaintiff-Appellant,

v.

WINNER INTERNATIONAL, LLC
and WINNER HOLDING LLC,

Defendants-Appellees.

Roberta Jacobs-Meadway, Ballard Spahr Andrews & Ingersoll, LLP, of Philadelphia, Pennsylvania, filed a combined petition for panel rehearing and rehearing en banc for plaintiff-appellant. With her on the petition were Lynn E. Rzonca and Corey Field. Of counsel on the petition was David P. Gordon, Gordon & Jacobson, P.C., of Stamford, Connecticut.

Philip J. Moy, Jr., Fay, Sharpe, Fagan, Minnich & McKee, LLP, of Cleveland, Ohio, filed a response to the petition for defendants-appellees. With him on the response was Jude A. Fry.

Christopher V. Carani, McAndrews, Held & Malloy, Ltd., of Chicago, Illinois, filed an amicus curiae brief for the American Intellectual Property Law Association. With him on the brief was Melvin C. Garner, President, American Intellectual Property Law Association, of Arlington, Virginia.

Perry J. Saidman, SAIDMAN DesignLaw Group, of Silver Spring, Maryland, filed an amicus curiae brief for the Industrial Designers Society of America.

Christopher J. Renk, Banner & Witcoff, Ltd., of Chicago, Illinois, filed an amicus curiae brief for NIKE, Inc. With him on the brief was Erik S. Maurer. Also on the brief was Robert S. Katz, of Washington, DC.

Appealed from: United States District Court for the Eastern District of Pennsylvania

Senior Judge Robert F. Kelly

# United States Court of Appeals for the Federal Circuit

2005-1253

LAWMAN ARMOR CORPORATION,

Plaintiff-Appellant,

v.

WINNER INTERNATIONAL, LLC
and WINNER HOLDING LLC,

Defendants-Appellees.

ON PETITION FOR PANEL REHEARING

Before MICHEL, Chief Judge, FRIEDMAN, Senior Circuit Judge, DYK, Circuit Judge.

O R D E R

A petition for panel rehearing having been filed,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

__May 31,2006__
Date

_s/Jan Horbaly__
Jan Horbaly
Clerk

cc:  Roberta Jacobs-Meadway, Esq.
Philip J. Moy, Jr., Esq.
Christopher V. Carani, Esq.
Perry J. Saidman, Esq.
Christopher J. Renk, Esq.

# United States Court of Appeals for the Federal Circuit

05-1253

LAWMAN ARMOR CORPORATION,

                                                    Plaintiff–Appellant,

v.

WINNER INTERNATIONAL, LLC and
WINNER HOLDING LLC

                                                    Defendants–Appellees.

_____

DECIDED:  May 31, 2006

_____

SUPPLEMENTAL OPINION ON PETITION FOR REHEARING.

Before MICHEL, <u>Chief Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and DYK, <u>Circuit Judge</u>.

FRIEDMAN, <u>Senior Circuit Judge</u>.

The petition for rehearing and the several briefs <u>amicus</u> <u>curiae</u> argue that certain statements in our opinion in this case, reported at 437 F.3d 1383 (2006), were overbroad and inconsistent with our precedents and that they could cause confusion and uncertainty.   In the circumstances, we deem it appropriate to issue this supplemental opinion to clarify our prior opinion.

Before the district court, the patentee (the plaintiff-appellant Lawman Armor Corporation ["Lawman"]) contended that its patented design had eight "specific 'points of novelty.'"   437 F.3d at 1384.  In granting the defendant summary judgment of non-infringement, the district court held that "Lawman's proposed points of novelty are found

in the prior art." Id. In its appeal to this court Lawman, although continuing to assert the eight points of novelty, did not directly challenge that ruling. "Instead" it contended that there were disputed factual issues regarding "the scope and content of the prior art" and the "points of novelty" themselves that precluded summary judgment. Id., at 1385. We rejected those contentions.

Lawman also argued that the patent "contains a ninth 'point of novelty,' namely, the combination in a single design of the eight non-novel 'points of novelty' it embodies." Id. In rejecting that contention we stated:

> If the combination of old elements shown in the prior art is itself sufficient to constitute a "point of novelty" test of a new design, it would be the rare design that would not have a point of novelty. The practical effect of Lawman's theory would be virtually to eliminate the significance of the "points of novelty" test in determining infringement of design patents, and to provide patent protection for designs that in fact involve no significant changes from the prior art.

Id.

Read in light of the issue before the court, those statements were intended, and should be interpreted to relate to that issue, which was the validity of an additional "point of novelty" consisting of the combination of eight "points of novelty" that had already been asserted and recognized in the case. This is shown by our statement, in distinguishing Litton Systems v. Whirlpool, on which Lawman had relied, that "Litton did not hold that the combination of several points of novelty was itself a point of novelty, but rather held that there were several points of novelty in the patented design, none of which was found in the accused design." Thus, to whatever extent incorporating the eight points of novelty itself was a ninth point of novelty, we recognized that the overall

appearance of a design cannot itself be a point of novelty.  See, e.g., <u>Sun Hill Indus.,</u> <u>Inc. v. Easter Unlimited, Inc.</u>, 48 F.3d 1193, 1197 (Fed. Cir. 1995); <u>Winner Int'l Corp. v.</u> <u>Wolo Mfg. Corp.</u>, 905 F.2d 375, 376 (Fed. Cir. 1990).

In our decision, we did not intend to cast any doubt upon our prior decisions indicating that in appropriate circumstances a combination of design elements itself may constitute a "point of novelty."  Such a combination is a different concept than the overall appearance of a design which, as indicated, our cases have recognized cannot be a point of novelty.

With our prior opinion thus clarified, the petition for rehearing is denied.