EGYPTIAN GODDESS, INC.,
Plaintiff–Appellant,

and

Adi Torkiya, Third Party Defendant,

v.

SWISA, INC. and Dror Swisa,
Defendants/Third Party
Plaintiffs–Appellees.

No. 2006–152.

United States Court of Appeals,
Federal Circuit.

Aug. 29, 2007.

Robert G. Oake, Jr., Oake Law Office, of Allen, TX, argued for plaintiff-appellant.

Frederick Linton Medlin, Kirkpatrick & Lockhart Preston Gates Ellis LLP, of Dallas, TX, argued for defendants/third party plaintiffs-appellees. With him on the brief was Linda G. Moore. Of counsel was Jeffrey L. Snow, of Boston, MA.

Before DYK, Circuit Judge, ARCHER, Senior Circuit Judge, and MOORE, Circuit Judge.

Opinion for the court filed by Circuit Judge MOORE. Dissenting opinion filed by Circuit Judge DYK.

MOORE, Circuit Judge.

Appellant Egyptian Goddess, Inc. (EGI) appeals from the final judgment of the United States District Court for the Northern District of Texas, granting summary judgment of noninfringement of U.S. Design Patent No. 467,389 (the D'389 patent) in favor of appellees Swisa, Inc. and Dror Swisa (Swisa). *Egyptian Goddess, Inc. v. Swisa, Inc.*, No. 3:03–CV–0594–N (N.D.Tex. Dec. 14, 2005) (*Summary Judgment Order*). Because the district court properly determined that there is no genuine issue of material fact as to whether the alleged infringing product appropriates the point of novelty of the claimed design, we affirm.

## BACKGROUND

The D'389 patent covers "an ornamental nail buffer" design as illustrated in the patent's seven figures, one of which is reproduced below.

On March 21, 2003, EGI sued Swisa, claiming that the D'389 patent was infringed by certain Swisa nail buffers. Swisa filed a counterclaim seeking declaratory judgment on various theories, including noninfringement of the D'389 patent. On March 3, 2005, the district court issued a claim construction order, construing the D'389 patent as claiming:

> A hollow tubular frame of generally square cross section, where the square has sides of length S, the frame has a length of approximately 3S, and the frame has a thickness of approximately $T = 0.1S$; the corners of the cross section are rounded, with the outer corner of the cross section rounded on a 90 degree radius of approximately $1.25T$, and the inner corner of the cross section rounded on a 90 degree radius of approximately $0.25T$; and with rectangular abrasive pads of thickness T affixed to three of the sides of the frame, covering the flat portion of the sides while leaving the curved radius uncovered, with the fourth side of the frame bare.

Neither party challenges the district court's claim construction.

Swisa moved for summary judgment of invalidity and noninfringement—on the grounds that the accused designs did not infringe the D'389 patent under either the point of novelty or the ordinary observer test. The district court granted summary judgment on the ground that the Swisa nail buffers did not contain the point of novelty of the patented design. *Summary* *Judgment Order*, at 3–4. Specifically, the court stated that "[t]he only point of novelty in the D'389 Patent over the Nailco Patent is the addition of the fourth side without a pad," which the Swisa nail buffers did not have. *Id.* The district court entered a final judgment, dismissing EGI's claims of infringement with prejudice and dismissing Swisa's counterclaims without prejudice. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1). We review the district court's grant of summary judgment de novo. *Winner Int'l Corp. v. Wolo Mfg. Corp.*, 905 F.2d 375, 376 (Fed.Cir.1990). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

## DISCUSSION

### I

There are two distinct requirements for establishing design patent infringement. *Bernhardt, L.L.C. v. Collezione Europa USA, Inc.*, 386 F.3d 1371, 1383 (Fed.Cir.2004). The first, called the ordinary observer test, requires that "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, [the] two designs are substantially the same ... the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Gorham Co. v. White*, 81 U.S. (14 Wall.) 511, 528, 20 L.Ed. 731 (1871). The second,

called the point of novelty test, requires that "no matter how similar two items look, 'the accused device must appropriate the novelty in the patented device which distinguishes it from the prior art.'" *Litton Sys., Inc. v. Whirlpool Corp.*, 728 F.2d 1423, 1444 (Fed.Cir.1984) (citing *Sears, Roebuck & Co. v. Talge*, 140 F.2d 395, 396 (8th Cir.1944)). "Both the ordinary observer and point of novelty tests are factual inquiries that are undertaken by the fact finder during the infringement stage of proceedings, after the claim has been construed by the court." *Bernhardt*, 386 F.3d at 1383.

■ Because the point of novelty determination is part of the infringement analysis, the initial burden is on the patentee to "present, in some form, its contentions as to points of novelty." *Id.* at 1383. The point of novelty can be either a single novel design element or a combination of elements that are individually known in the prior art. *See Lawman Armor Corp. v. Winner Int'l, LLC*, 449 F.3d 1190, 1192 (Fed.Cir.2006) (supplemental opinion on petition for rehearing); *Litton*, 728 F.2d at 1443–44. The patentee is not free to set forth any combination of elements as the point of novelty, rather, the point of novelty must include features of the claimed

design that distinguish it from the prior art.[1] *Litton*, 728 F.2d at 1444; *Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co.*, 162 F.3d 1113, 1118 (Fed.Cir. 1998).

■ For a combination of individually known design elements to constitute a point of novelty, the combination must be a non-trivial advance over the prior art.[2] *See Smith v. Whitman Saddle Co.*, 148 U.S. 674, 682, 13 S.Ct. 768, 37 L.Ed. 606 (1893) (analyzing whether the accused device contained the aspects of the claimed design that "rendered it patentable as a complete and integral whole"); *Bernhardt*, 386 F.3d at 1384 (noting that the point of novelty determination "is not especially different from the factual determinations that the district courts routinely undertake" in performing the obviousness inquiry); *cf. Litton*, 728 F.2d at 1444 (applying the results of the obviousness analysis when determining the point of novelty of the claimed design); *Goodyear*, 162 F.3d at 1119, 1121 (noting that the court "adopted the same points of novelty that it had relied on in determining that the '080 patent was not invalid for obviousness," and holding that "the district court did not clearly err in giving weight to those aspects of the '080 tread that were necessary

1. Swisa asks this court to forbid the "shopping list approach" to selecting a point of novelty, whereby a patentee strategically selects a point of novelty that consists only of those elements of the claimed design that are also present in the accused design. *See Hosley Int'l Trading Corp. v. K Mart Corp.*, 237 F.Supp.2d 907, 911–13 (N.D.Ill.2002); *Bush Indus., Inc. v. O'Sullivan Indus., Inc.*, 772 F.Supp. 1442, 1452 (D.Del.1991). We agree with Swisa that the point of novelty should be determined by comparing the claimed design to the prior art and not to the accused design. As an appellate court, however, we review the merits of the asserted point of novelty and not the motive behind its selection.

2. Contrary to assertions in the dissenting opinion, neither our precedent that utilized

the results of an obviousness inquiry in determining the point of novelty nor our holding today is inconsistent with our *Lawman* decision. *Lawman* does not reject a nontrivial test for the point of novelty inquiry, but rather rejects the notion that the suggestion or motivation to combine prior art references must be proven as part of the infringement analysis. *Lawman Armor Corp. v. Winner Int'l, LLC*, 437 F.3d 1383, 1385 (Fed.Cir.2006). Rejecting application of the motivation to combine test is not tantamount to rejecting application of an obviousness type analysis. *See KSR Int'l Co. v. Teleflex Inc.*, —— U.S. ——, 127 S.Ct. 1727, 1741–42, 167 L.Ed.2d 705 (2007).

design aspects in sustaining the validity of the patent").[3]

## II

The district court properly determined that no reasonable jury could conclude that the point of novelty proffered by EGI is a non-trivial advance over the prior art. The parties do not dispute that the various design elements of the claimed design were each individually disclosed in the pri- or art. EGI's asserted point of novelty is a combination of four of the claimed design's elements: (1) an open and hollow body, (2) square cross-section, (3) raised rectangular pads, and (4) exposed corners. The district court properly found that one prior art nail buffer design, illustrated in U.S. Design Patent No. 416,648 (the Nailco patent), shown below, contains each of these elements except that the body is triangular—rather than square—in cross-section. *Summary Judgment Order*, at 4.

FIG. 1

■ There is no dispute, however, that nail buffers having square cross-sections were widely known in the prior art. EGI admits that three prior art references cited during prosecution of the D '389 patent illustrate at least five nail buffer designs with a square cross-section. Moreover, the parties both agree that other well-known prior art designs, namely the Tammy Taylor buffers, also had square cross-sections. In light of the prior art, no reasonable juror could conclude that EGI's asserted point of novelty constituted a non-trivial advance over the prior art. Thus, the district court did not err in rejecting EGI's asserted point of novelty as a matter of law.

■ The district court correctly determined that only if the point of novelty included a fourth side without a raised pad could it even arguably be a non-trivial advance over the prior art. The Swisa buffers have raised, abrasive pads on *all four* sides. When considering the prior art in the nail buffer field, this difference between the accused design and the patented design cannot be considered minor. *See Litton*, 728 F.2d at 1444 (explaining that the differences between the claimed and accused designs must be considered in light of the differences between the prior art and the claimed design). Since the parties agree that the Swisa buffers do not contain a fourth side without a raised pad,

**3.** The dissent suggests that determining the point of novelty by a nontriviality test conflates infringement and validity analyses. *Dissenting Op.*, at 1359. Design patent law has already intertwined the infringement and validity tests. The infringement test at issue in this case is called the "point of novelty" test. The question is not whether the infringement and validity analyses are similar or conflated, they already are. The question is: When the patentee claims a combination of old prior art elements as its asserted point of novelty should the test be one of anticipation or obviousness? We conclude that nontriviality ought to apply—if the standard is akin to anticipation then a combination with even the most trivial difference would meet the standard.

summary judgment of noninfringement was properly granted. For this reason, the decision below is

*AFFIRMED.*

## COSTS

Each party shall bear its own costs.

DYK, Circuit Judge, dissenting.

This case concerns the scope of the point of novelty requirement in design patents. The majority decides this case on a ground that was not addressed in briefs or at oral argument by either party. In my view, the majority opinion departs from our precedent in fashioning a new rule—that a combination of elements cannot constitute a point of novelty in design patent cases unless the combination constitutes a "non-trivial advance" over the prior art. The majority equates its newly-fashioned non-trivial advance test with the requirement that a design patent be nonobvious over the prior art.[1] It then appears to limit the application of that test to cases in which the point of novelty involves a combination of prior art elements.

It seems to me that there are multiple flaws in the majority's approach. First, by conflating the criteria for infringement and obviousness, the test eviscerates the statutory presumption of validity by requiring the patentee to affirmatively prove nonobviousness. *See* 35 U.S.C. § 282 ("The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity."). The burden of proof on obviousness rests with the accused infringer and must be established by clear and convincing evidence. Under the majority's test, however, the patentee would have to prove nonobviousness in order to establish infringement.

Second, the majority's approach is at the same time too narrow and too broad. It is too narrow because it applies a special test only to designs which involve a combination of design elements. It is clear to me that a single point of novelty test must apply to all points of novelty, not just those involving combinations. That has invariably been the approach of our past cases. The majority's approach is also too broad because it extends an obviousness-like test to each point of novelty, not merely the overall design (which is presently the sole focus of the obviousness analysis).

Third, determining whether each combination point of novelty represents a "non-trivial advance" over the prior art requires a difficult and restrictive inquiry in design patent cases. As we have previously noted, "[d]esign patents have almost no scope." *In re Mann,* 861 F.2d 1581, 1582 (Fed.Cir.1988). Points of novelty in design patents are often not dramatically different from the prior art. It is difficult enough to assess whether an overall design would have been obvious; it is almost impossible to determine whether a particular design feature represents a trivial or substantial advance over the prior art. The majority appears willing to have this issue resolved on summary judgment without factfinding by a jury, thus relegating to the court the determination whether there is a non-trivial advance over the prior art, a determination which a court is ill suited to make and which it did not in fact make in this case.

Fourth, the majority's test is devoid of support in the case law. The most that any of the cases cited by the majority can establish is that we have, in certain instances, used the results of our obviousness analysis to determine the point of

---

1. The majority's approach is in fact more restrictive than a nonobviousness test since it takes no account of secondary considerations.

novelty under the point of novelty test. But no case has come close to requiring a showing of nonobviousness as part of the point of novelty test.[2] In *Bernhardt, L.L.C. v. Collezione Europa USA, Inc.*, 386 F.3d 1371 (Fed.Cir.2004), we considered only the question whether expert testimony was required for a party to establish infringement under the point of novelty test. In holding that such testimony was not required, the court merely observed that "[a] determination of the differences between the patented design and the prior art is not especially different from the factual determinations that district courts routinely undertake *on other issues, such as obviousness.*" *Id.* (emphasis added). This statement in no way suggests—as the majority appears to believe, *see* Maj. Op. at 1357—that the substantive inquiries on obviousness and infringement should be merged. Our decisions in *Litton* and *Goodyear* do not support the majority's test either. *Litton Sys., Inc. v. Whirlpool Corp.*, 728 F.2d 1423 (Fed.Cir.1984), was a case in which, having determined that the differences between the patented design and the prior art rendered the overall design nonobvious, *see Graham v. John Deere Co.*, 383 U.S. 1, 17, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), we then considered those differences to be the points of novelty. *Litton*, 728 F.2d at 1442, 1444. In *Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co.*, 162 F.3d 1113 (Fed. Cir.1998), we held that the use of a similar approach by the district court was not clearly erroneous. *Id.* at 1119, 1121. It is one thing to suggest that a feature that renders a design nonobvious is also a point of novelty. It is quite another to hold that a point of novelty cannot exist unless it would also render the design nonobvious. Again, neither case establishes that there

must be a showing of a non-trivial advance to find an asserted combination point of novelty.

Finally, the majority's test is in fact contrary to several of our cases. In *Lawman Armor Corp. v. Winner International, LLC*, 437 F.3d 1383 (Fed.Cir.2006), we rejected applying an obviousness analysis to the determination of infringement. *Id.* at 1385. We stated explicitly that "[w]hether there is any suggestion to combine prior art references may be relevant in a validity inquiry to determine obviousness ... but has no place in the infringement issue in this case." *Id.* Other cases have treated the questions of novelty and obviousness in design cases as separate inquiries. Thus in *In re Leslie*, 547 F.2d 116 (CCPA 1977), our predecessor court distinguished situations "where the novelty of the design is at issue" from situations "where, as here, the issue is one of obviousness." *Id.* at 120; *see also In re Blum*, 54 C.C.P.A. 1231, 374 F.2d 904, 908 (1967) (although design had "an appearance which is novel in the strictest sense of the word, the rejection here is not for want of novelty but for obviousness").

I would address this case without reliance on the majority's incorrect "non-trivial advance" standard. I respectfully dissent.

---

2. *Smith v. Whitman Saddle Co.*, 148 U.S. 674, 13 S.Ct. 768, 37 L.Ed. 606 (1893), long pre-dated the statutory obviousness requirement.