NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1562

EGYPTIAN GODDESS, INC.,

Plaintiff-Appellant,

and

ADI TORKIYA,

Third Party Defendant,

v.

SWISA, INC. and DROR SWISA,

Defendants/Third Party Plaintiffs-
Appellees.

Before MICHEL, <u>Chief Judge</u>, NEWMAN, <u>Circuit Judge</u>, ARCHER, <u>Senior Circuit Judge</u>,[*] MAYER, LOURIE, RADER, SCHALL, BRYSON, GAJARSA, LINN, DYK, PROST, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

## O R D E R

A combined petition for panel rehearing and rehearing en banc was filed by the Appellant, and a response thereto was invited by the court and filed by the Appellees. The court granted Nike, Inc. and American Intellectual Property Law Association motions for leave to file briefs as amici curiae.

The petition for rehearing was referred to the panel that heard the appeal, and thereafter the petition for rehearing en banc, response, and the amici curiae briefs were

---

[*] Senior Judge Archer, who was on the original panel, participated only in decision on the petition for panel rehearing.

referred to the circuit judges who are authorized to request a poll whether to rehear the appeal en banc. A poll was requested, taken, and the court has decided that it is appropriate for en banc consideration.

Upon consideration thereof,

IT IS ORDERED THAT:

(1)     The petition for panel rehearing is denied.

(2)     The petition for rehearing en banc is granted.

(3)     The court's August 29, 2007 opinion is vacated and the appeal is reinstated.

(4)     The parties are requested to file briefs that should address the following questions:

1)  Should "point of novelty" be a test for infringement of design patent?

2)  If so, (a) should the court adopt the non-trivial advance test adopted by the panel majority in this case; (b) should the point of novelty test be part of the patentee's burden on infringement or should it be an available defense; (c) should a design patentee, in defining a point of novelty, be permitted to divide closely related or ornamentally integrated features of the patented design to match features contained in an accused design; (d) should it be permissible to find more than one "point of novelty" in a patented design; and (e) should the overall appearance of a design be permitted to be a point of novelty?  See Lawman Armor Corp. v. Winner Int'l, LLC, 449 F.3d 1190 (Fed. Cir. 2006).

3) Should claim construction apply to design patents, and, if so, what role should that construction play in the infringement analysis? <u>See</u> <u>Elmer v. ICC Fabricating, Inc.</u>, 67 F.3d 1571, 1577 (Fed. Cir. 1995).

This appeal will be heard en banc on the basis of briefs addressing, inter alia, the issues set forth above. An original and thirty copies of all briefs shall be filed, and two copies served on opposing counsel. The Appellant shall file a brief within sixty days from the date of filing of this order. The Appellees' brief is due within forty days from the date of service of the Appellant's brief. The Appellant's reply brief, if any, is due within fourteen days from the date of service of the Appellees' brief. Briefs shall adhere to the type-volume limitations set forth in Federal Rule of Appellate Procedure 32 and Federal Circuit Rule 32.

Briefs of amici curiae will be entertained in accordance with Federal Rules of Appellate Procedure 29 and Federal Circuit Rule 29. Scheduling of oral argument, if any, will be resolved at a later date.

FOR THE COURT

<u>November 26, 2007</u>                  <u>/s/ Jan Horbaly</u>
       Date                           Jan Horbaly
                                     Clerk

cc:    Robert G. Oak, Jr., Esq.
       Linda G. Moore, Esq.
       Christopher V. Carani, Esq.
       Christopher B. Roth, Esq.