# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2463

_____

| | |
|---|---|
| Erwin Eliazar Navarijo-Barrios, | * |
| | * |
| Petitioner, | * |
| | * Petition for Review of a |
| v. | * Decision of the Board of |
| | * Immigration Appeals. |
| | * |
| John Ashcroft, Attorney General | * |
| of the United States, | * |
| | * |
| Respondent. | * |

_____

Submitted: January 17, 2003

Filed: March 12, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BRIGHT, and SMITH, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Erwin Eliazar Navarijo-Barrios petitions for review of the order of the Board of Immigration Appeals (BIA) affirming an immigration judge's decision to deny Mr. Navarijo-Barrios's application for asylum. We affirm.

Mr. Navarijo-Barrios, a native and citizen of Guatemala, who concedes his removability, claims that he is entitled to asylum in the United States because of past persecution and a well-founded fear of future persecution on account of his political

opinion. We review the BIA's factual findings, including whether a petitioner has demonstrated past persecution or a well-founded fear of future persecution, for substantial evidence. We are obligated to affirm the BIA's conclusion that Mr. Navarijo-Barrios was not eligible for asylum unless Mr. Navarijo-Barrios shows that the evidence not only supports reversal, but compels it. *See* 8 U.S.C. § 1252(b)(4)(B)*; INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992).

The attorney general is authorized to grant asylum to a "refugee," 8 U.S.C. § 1158(b)(1), that is, as relevant here, to a person who does not want to return home "because of ... a well-founded fear of persecution on account of ... political opinion." 8 U.S.C. § 1101(a)(42)(A). To establish such a fear, a petitioner must demonstrate that his or her fear is both subjectively genuine (for example, through credible testimony that the petitioner actually fears persecution) and objectively reasonable (for example, through "credible, direct, and specific evidence of facts" showing that "a reasonable person in [the petitioner's] position would fear persecution if returned to the [petitioner's] native country"). *See Ghasemimehr v. INS*, 7 F.3d 1389, 1390 (8th Cir. 1993) (per curiam). Our examination of the record leads us to conclude that there is substantial evidence to support the BIA's determination that Mr. Navarijo-Barrios failed to establish that he was persecuted in the past or that he has a well-founded fear of future persecution.

The immigration judge determined that Mr. Navarijo-Barrios's testimony was not credible because it was significantly inconsistent with his application for asylum, and the BIA affirmed that conclusion. *Cf. Rucu-Roberti v. INS*, 177 F.3d 669, 670 (8th Cir. 1999) (per curiam); *Hamzehi v. INS*, 64 F.3d 1240, 1243-44 (8th Cir. 1995). In his 1998 application for asylum, Mr. Navarijo-Barrios responded "No" to the question "Have you or any member of your family ever belonged to or been associated with any organizations or groups in your home country (i.e., a political party ...)?" Yet during his 2000 hearing before the immigration judge, Mr. Navarijo-Barrios testified that he, his father, and grandfather belonged to the same political

party, and that he feared persecution because (at the time of his hearing) a rival party controlled the Guatemalan government. We think that Mr. Navarijo-Barrios's failure to declare any political affiliation until the proverbial "eleventh hour" is a circumstance that could lead a reasonable fact finder to disbelieve him. We fail to see, moreover, how Mr. Navarijo-Barrios's party membership places him at risk of persecution. Mr. Navarijo-Barrios's mere membership in a political party competing for power in his country's constitutional democracy cannot, without more, qualify him as a refugee.

Mr. Navarijo-Barrios also testified that in 1978, his grandfather was murdered one day before the grandfather was to take office as mayor. Yet Mr. Navarijo-Barrios neglected to mention this incident in his asylum application. Mr. Navarijo-Barrios did assert in both his application and testimony that guerillas shot and injured his father in 1980 because his father, who served two terms as mayor and who was working as the administrator of a farm, refused to pay the guerillas a "war tax" to fund the guerillas' war efforts. As the BIA noted, however, these incidents occurred during the height of Guatemala's civil war, which ended in 1996.

Mr. Navarijo-Barrios further testified that in 1995, twenty-two months before he departed for the United States, the army twice detained him at military checkpoints because his family name is similar to that of a notorious guerilla leader, Timoteo Ruperto Navarijo-Chután. (Mr. Navarijo-Barrios concedes that the longer of the two detentions lasted only an hour and that the military never mistreated him.) Yet Mr. Navarijo-Barrios answered "No" in response to a question on his asylum application as to whether he had ever been detained in Guatemala. We recognize, moreover, as did the BIA, that these stops occurred prior to a 1996 peace accord that ended the civil war.

In this appeal, Mr. Navarijo-Barrios relies partly on evidence that the immigration judge excluded as untimely submitted. Mr. Navarijo-Barrios did not,

however, appeal the exclusion of this evidence to the BIA. Indeed, he does not appear to appeal its exclusion to this court, but simply ignores the fact that it was excluded. Even if we were to accept Mr. Navarijo-Barrios's suggestion that the BIA presumably reviewed this evidence, and that we are therefore entitled to do likewise, our examination of it leads us to the conclusion that it would only serve further to highlight the inconsistencies between Mr. Navarijo-Barrios's application and his testimony.

Finally, we must reject Mr. Navarijo-Barrios's argument that the BIA placed undue reliance on the INS's evidence (in particular, State Department reports) of current conditions in Guatemala. The BIA was entitled to consider those reports and "reasonably may rely upon the State Department's assessment of current country conditions as they relate to the likelihood of future persecution, given the Department's expertise in international affairs." *Toptchev v. INS*, 295 F.3d 714, 722 (7th Cir. 2002). Our review of the record convinces us, moreover, that there is substantial evidence that supports the BIA's determination that Mr. Navarijo-Barrios's fear of future persecution was not well founded. *See, e.g., Francois v. INS*, 283 F.3d 926, 932 (8th Cir. 2002).

Accordingly, we deny Mr. Navarijo-Barrios's petition.[1]

---

[1]We grant respondent's motion to strike pages 12-13 of Mr. Navarijo-Barrios's reply brief pursuant to Fed. R. App. P. 27 and 8th Cir. R. 27A. It is well settled that we do not consider arguments raised for the first time in a reply brief. *See, e.g., Viking Supply v. National Cart Co.*, 310 F.3d 1092, 1099 (8th Cir. 2002). The sentence which appears in the statement-of-the-case section of Mr. Navarijo-Barrios's opening brief ("Petitioner has not abandoned his claim for voluntary departure if he does not prevail on his asylum claim") is not sufficient to support the two-page argument in support of an extension of the time for voluntary departure under 8 U.S.C. § 1229c that appears in Mr. Navarijo-Barrios's reply brief.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.