**MINKA LIGHTING, INC.,**
Plaintiff–Appellant,

and

Pan Air Electric Co., Ltd., Plaintiff,

v.

**CRAFTMADE INTERNATONAL,**
INC., Defendant–Appellee.

No. 03–1162.

United States Court of Appeals,
Federal Circuit.

Jan. 16, 2004.

Rehearing and Rehearing En Banc
Denied Feb. 24, 2004.

Before MICHEL, RADER, and DYK, Circuit Judges.

RADER, Circuit Judge.

On summary judgment, the United States District Court for the Northern District of Texas ruled that Craftmade International, Inc. (Craftmade) was not liable for infringing U.S. Patent No. Des. 380,539 (the '539 patent), unfair competition, or unjust enrichment. *Minka Lighting, Inc. v. Craftmade Int'l, Inc.*, No. 3–00–CV–0888–G, 2002 WL 1331883 (N.D.Tex. June 14, 2002), 2002 WL 31495990 (N.D.Tex. Nov.4, 2002). Because the district court did not err in its rulings, this court *affirms*.

I.

Minka Lighting, Inc. (Minka) is exclusive licensee of the '539 patent, a ceiling fan design patent whose commercial embodiment is the Viper fan. Craftmade manufactures the Solo and Cefiro ceiling fans. Minka sued Craftmade, alleging infringement of the '539 patent, unfair competition, and unjust enrichment. Craftmade moved for summary judgment of noninfringement. The district court adopted a magistrate judge's report construing the claims and finding no infringement. The magistrate judge compared the Solo and Cefiro fans to Minka's Viper fan and found that the overall visual impression of the Solo and Cefiro fans differs from the Viper because of differences in the blades' leading edges and bracket arms. The magistrate judge concluded that the fans are not substantially similar. The district court granted summary judgment that Craftmade's fans did not Infringe. Craftmade moved for summary judgment dismissing the unfair competition and unjust enrichment claims. Adopting a second magistrate judge's recommendations, the district court granted the motion.

Minka appealed to this court, which has jurisdiction under 28 U.S.C. § 1295(a)(1) (2000).

II.

This court reviews a grant of summary judgment de novo, reapplying the summary judgment standard. *See Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1367 (Fed.Cir.2002). Claim construction is a legal question that this court reviews without deference. *See Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1456 (Fed.Cir. 1998) (en banc). This court reviews a district court's evidentiary decisions for abuse of discretion. *Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1547 (Fed.Cir.1994).

III.

"Summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting FED. R. CIV. P. 56(c)). Determining design patent infringement requires first construing the claim, then comparing the claim as properly construed to the accused design. *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed.Cir.1995).

A.

■ Minka contends the district court erred in construing the claim of the '539 patent through its own eyes, rather than as an ordinary observer or a designer of ordinary skill. Minka proposes that this

court should follow the standard for utility patents of *Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 986 (Fed.Cir. 1995) (en banc), *aff'd,* 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996) and consider "what one of ordinary skill in the art at the time of the invention would have understood the term to mean."

According to our precedent, a district court properly construes design claims through its own eyes and need not refer to an ordinary observer or a skilled artisan. In construing a design claim, a trial court may "translate visual descriptions into words" that "evoke the visual image of the design." *Durling v. Spectrum Furniture Co.,* 101 F.3d 100, 103 & n. 2 (Fed. Cir.1996) (replacing the district court's construction with a new construction without citing the perspective of an ordinary observer or a skilled designer). This court affirmed the construction of a design patent claim, where the district court "considered and described each of the Figures ... and based its claim construction on the ornamental features." *Contessa Food Prods., Inc. v. Conagra, Inc.,* 282 F.3d 1370, 1377 (Fed.Cir.2002). This court also affirmed the construction of a design patent claim, where the district court "carefully noted the ornamental features" without referring to the perspective of an ordinary observer or a skilled designer. *See OddzOn Prods., Inc. v. Just Toys, Inc.,* 122 F.3d 1396, 1405 (Fed.Cir. 1997). Finally, this court in *Elmer* construed design claims without referring to the perspective of an ordinary observer or a skilled designer. *Elmer,* 67 F.3d at 1577.

However, a district court need not always verbally construe at length a design patent's drawings. The infringement analysis essentially involves comparing the drawings to an accused device; a verbal description of the drawings does not necessarily aid such a comparison. But an ex-

tensive verbal claim construction may be helpful particularly if the drawings contain features that are not part of the patented design, e.g., if the drawings contain functional features or if there is a point of novelty issue to consider. *See, e.g., OddzOn Prods.,* 122 F.3d at 1405. Here, the district court chose to verbally construe the claims. This court discerns no error in that construction.

### B.

To find infringement, the accused design must satisfy two distinct tests: "(a) the 'ordinary observer' test, and (b) the 'point of novelty' test." *Contessa,* 282 F.3d at 1377. Under the "ordinary observer" test,

[I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

*Gorham Co. v. White,* 14 Wall. 511, 81 U.S. 511, 528, 20 L.Ed. 731 (1871); *see also L.A. Gear, Inc. v. Thom McAn Shoe Co.,* 988 F.2d 1117, 1124 (Fed.Cir.1993) ("Design patent infringement requires a showing that the accused design is substantially the same as the claimed design. The criterion is deception of the ordinary observer, such that one design would be confused with the other....").

The point of novelty test requires proof that the accused design "appropriates the novelty which distinguishes the patented design from the prior art." *Contessa,* 282 F.3d at 1377. "[A] trier of fact must consider the ornamental aspects of the design as a whole and not merely isolated portions of the patented design." *Braun Inc. v. Dynamics Corp. of Am.,* 975 F.2d 815, 820 (Fed.Cir.1992). In any event, design patent scope is severely limited, essentially covering only the patent's figures and

nothing more. *In re Mann,* 861 F.2d 1581, 1582 (Fed.Cir.1988) ("Design patents have almost no scope. [They are] limited to what is shown in the application drawings.").

■ The district court found that the accused fans are not substantially similar to the claimed design. The district court compared the accused Cefiro and Solo fans to the claimed design as embodied in Minka's Viper fan, and found that they have a different overall visual appearance. The district court described in detail its findings based on the fans' specific features and overall appearance. The district court did not err in concluding that no reasonable jury could find substantial similarity.

■ Minka contends that the district court erred by misapplying the law and in excluding certain evidence. First, Minka argues the district court erred by not considering infringement under the doctrine of equivalents. This court disagrees. The substantial similarity test by its nature subsumes a doctrine of equivalents analysis. *See Lee v. Dayton–Hudson Corp.,* 838 F.2d 1186, 1189–90 (Fed.Cir.1988).

■ Second, the district court did not err in considering the brackets of the '539 patent in analyzing infringement. A fan with cutouts appears in Figures 1 and 2 of U.S. Patent No. Des. 357,978 (Young). Minka contends that the '539 patent's football-shaped cutouts are not novel over the Young cutouts, and therefore the district court should not have considered the fact that the brackets of the Solo and Cefiro fans lack the '539 design's football-shaped cutouts. To the contrary, Young's oval-shaped hole is substantially different from the cutouts and therefore does not place the '539 patent's cutouts in the prior art. Young's oval-shaped hole has a different proportion and orientation than the '539 patent's cutout. Also, the Young design hole completely penetrates its fan blade, while the '539 patent's football-shaped cut-

out does not penetrate the fan blade. Therefore the district court properly considered the '539 patent's cutout.

Finally, Minka contends that the district court erred by failing to admit models of Craftmade's Solo fan and Minka's Viper fan, deposition testimony on the issue of deceptive similarity and expert reports and testimony about consumer survey evidence of confusion for considering infringement.

■ The district court acted within its discretion in excluding commercial embodiments of the patented design and accused products for considering infringement. *See Braun,* 975 F.2d at 821 ("Nothing in *Gorham* suggests that, in finding design patent infringement, a trier of fact may not as a matter of law rely exclusively or primarily on a visual comparison."). Accordingly, the district court did not abuse its discretion in relying on photographs to analyze infringement.

■■ As to the excluded testimony and reports, a district court may admit ordinary observer witness testimony to determine substantial similarity, but is not required to do so. *Braun,* 975 F.2d at 821 ("[A fact finder] does not necessarily require empirical evidence as to whether ordinary observers would be deceived."). "Likelihood of confusion as to the source of the goods is not a necessary or appropriate factor for determining infringement of a design patent." *Unette Corp. v. Unit Pack Co.,* 785 F.2d 1026, 1029 (Fed.Cir.1986). Accordingly, the district court did not abuse its discretion.

The district court correctly concluded that there is no genuine dispute over any material facts and that no reasonable fact finder could have found infringement. Summary judgment of noninfringement was therefore appropriate.

## C.

The district court did not err in granting summary judgment denying Minka's state

law claims of unfair competition and unjust enrichment. Minka's unfair competition claim is based on either infringement or misappropriation. Craftmade did not infringe, so the only basis for unfair competition would be misappropriation. To prove misappropriation, Minka must establish Craftmade's "use of that product in competition with the plaintiff, thereby gaining a special advantage in that competition." *U.S. Sporting Prods., Inc. v. Johnny Stewart Game Calls, Inc.*, 865 S.W.2d 214, 218 (1993). Because Craftmade's fans do not infringe and thus are not even substantially similar to the protected design, Minka did not "use" and thus did not misappropriate the design.

Minka's unjust enrichment claim is based on its unfair competition and infringement claims. Because neither claim prevailed, the district court properly granted summary judgment of no unjust enrichment.