# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3984

_____

Viktor Klochan,                                        *
                                                       *
         Petitioner,                      *
                                                       *
                                                       *   Petition for Review of
    v.                                           *   an Order of the
                                                       *   Board of Immigration Appeals
John Ashcroft, Attorney General of                     *
the United States,                                     *      [UNPUBLISHED]
                                                       *
         Respondent.                      *

_____

Submitted:   December 26, 2003

Filed:   February 2, 2004

_____

Before RILEY, McMILLIAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Viktor Klochan, a citizen of Kazakhstan, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ's) denial of his asylum application. For reversal, Klochan argues the BIA clearly erred in affirming without an opinion, his hearing testimony showed he suffered past persecution, and a 2000 State Department report showed his fear of future persecution was well-founded. For the reasons discussed below, we deny the petition.

We conclude that the BIA's decision on Klochan's application is supported by substantial evidence, whether or not the BIA erred in referring Klochan's appeal to a single BIA member who issued an affirmance without opinion. See Navarijo-Barrios v. Ashcroft, 322 F.3d 561, 562 (8th Cir. 2003) (this court reviews BIA's factual findings for substantial evidence and affirms unless petitioner shows evidence compels reversal); 8 C.F.R. § 3.1(e)(4)(i) (2003) (explaining when single BIA member may affirm without opinion). Specifically, the IJ discredited Klochan's testimony about past persecution he suffered on account of his religion (Baptist), and we defer to that credibility finding because it was supported by specific, cogent reasons for disbelief. See Perinpanathan v. INS, 310 F.3d 594, 597 (8th Cir. 2002) (deference standard). Further, although the 2000 State Department report recounted an incident of government-incited violence against one group of Baptists, we conclude this evidence does not compel reversal, as it does not show organized, systematic, or pervasive persecution of Baptists in Kazakhstan. See Feleke v. INS, 118 F.3d 594, 598 (8th Cir. 1997) (to obtain asylum, applicant must generally show (1) reasonable fear of particularized persecution or (2) pattern or practice of persecution against his group, resulting in reasonable fear).

Accordingly, we deny the petition.

_____