# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1470

_____

Gelana Amente,                                    *
                                                  *
            Petitioner,                           *
                                                  *
      v.                                          *     Petition for Review of an
                                                  *     Order of the Board of
John Ashcroft, Attorney General of the            *     Immigration Appeals.
United States of America,                         *
                                                  *         [UNPUBLISHED]
            Respondent.                           *

_____

Submitted: February 3, 2004

Filed: February 25, 2004
_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.
_____

PER CURIAM.

      Gelana Amente, a citizen of Ethiopia, petitions for review of an order of the
Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ's) denial
of Mr. Amente's application for asylum, withholding of removal, and relief under the
Convention Against Torture. After careful review of the record, we deny the petition
because the evidence does not compel reversal. See Navarijo-Barrios v. Ashcroft,
322 F.3d 561, 562 (8th Cir. 2003). The incidents about which Mr. Amente testified
did not rise to the level of persecution, see Regalado-Garcia v. INS, 305 F.3d 784,
787-88 (8th Cir. 2002); Safaie v. INS, 25 F.3d 636, 640 (8th Cir. 1994), and the

government presented relevant evidence of changed conditions in Ethiopia, <u>see</u> <u>Perinpanathan v. INS</u>, 310 F.3d 594, 599 n.1 (8th Cir. 2002). We also conclude that Mr. Amente's claims for withholding of removal and relief under the Convention Against Torture fail. <u>See</u> <u>Kratchmarov v. Heston</u>, 172 F.3d 551, 555 (8th Cir. 1999) (denial of withholding of removal was proper where asylum was properly denied, because withholding-of-removal standard is more onerous); 8 C.F.R. § 208.16(c)(2) (2002) (burden of proof is on applicant to establish it is more likely than not he would be tortured upon removal to proposed country).

Accordingly, we deny the petition.

SMITH, Circuit Judge, dissenting.

_____