# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1676

_____

Maria Mejia-Gutierrez,         *

                          *

         Petitioner,        *

                          *    Petition for Review of an

      v.                    *    Order of the Board

                          *    of Immigration Appeals.

John Ashcroft,             *

                          *       [UNPUBLISHED]

         Respondent.      *

_____

Submitted:  March 1, 2004
Filed:  March 18, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Maria Mejia-Gutierrez (Mejia-Gutierrez), a citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals affirming an Immigration Judge's (IJ's) denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture. After careful review of the record, we deny the petition because substantial evidence supports the IJ's factual findings, and the evidence does not compel reversal. See Navarijo-Barrios v. Ashcroft, 322 F.3d 561, 562 (8th Cir. 2003) (standard of review). Mejia-Gutierrez sought asylum based on past persecution and fear of future persecution on account of political opinion, but she produced no evidence that the guerrillas who attempted to recruit her did so because

of any particular political opinion she held.  See INS v. Elias-Zacarias, 502 U.S. 478, 482 (1992).  Further, the government presented evidence of changed conditions in Guatemala, including that the 1996 peace accords had ended the civil war, and that former guerrillas had become a recognized political party.  See Melecio-Saquil v. Ashcroft, 337 F.3d 983, 986-87 (8th Cir. 2003).

As Mejia-Gutierrez did not establish a clear probability of persecution or a likelihood of torture upon her return to Guatemala, her claims for withholding of removal and relief under the Convention Against Torture also failed.  See Kratchmarov v. Heston, 172 F.3d 551, 555 (8th Cir. 1999) (withholding-of-removal standard is more onerous than asylum standard, and requires showing clear probability of persecution); 8 C.F.R. § 208.16(c)(2) (withholding of removal under Convention Against Torture requires  applicant to show it is more likely than not he or she would be tortured upon removal to proposed country).

On appeal, Mejia-Gutierrez raises two new grounds to support her claims of past persecution and fear of future persecution: (1) membership in a family persecuted by the guerillas, and (2) her status as an indigenous Indian woman.  We lack jurisdiction to review issues first raised on appeal.  See Afolayan v. INS, 219 F.3d 784, 788 (8th Cir. 2000).

Accordingly, we deny the petition.

_____