# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4152

_____

Sergey Makarov,                          *
                                         *
        Petitioner,              *
                                         *   Petition for Review of
    v.                         *   an Order of the Board of
                                         *   Immigration Appeals
John Ashcroft,                           *
                                         *      [UNPUBLISHED]
        Respondent.              *

_____

Submitted:  March 2, 2004

Filed:  March 19, 2004
_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.
_____

PER CURIAM.

Sergey Makarov, a citizen of Kazakhstan, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ's) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture.  For reversal, Makarov argues that the evidence showed he suffered past persecution on account of either his Russian ethnicity or an imputed political opinion, and that he has a well-founded fear of future persecution.  For the reasons discussed below, we deny the petition.

Initially, we decline to consider Makarov's argument that he was persecuted because of an imputed political opinion. He did not claim on his asylum application that he was persecuted for his political opinion, he offered no testimony as to his political opinion (imputed or otherwise), and the IJ did not address such a claim. See Afolayan v. INS, 219 F.3d 784, 788 (8th Cir. 2000) ("We lack jurisdiction to review claims that were not presented to the BIA in the first instance.").

We conclude that the denial of Makarov's application is supported by substantial evidence. See Navarijo-Barrios v. Ashcroft, 322 F.3d 561, 562 (8th Cir. 2003) (standard of review). Specifically, we agree with the IJ that Makarov did not show past persecution on account of his Russian ethnicity, as a 1996 beating that he suffered was a single act of violence by persons whom Makarov characterized as drunken students, see Fisher v. INS, 291 F.3d 491, 497-98 (8th Cir. 2002) (one episode of threats and physical roughness was insufficient to show past persecution), and the threats Makarov received during subsequent anonymous phone calls could not be linked to any person or group or to Makarov's ethnicity, and the threats were not fulfilled, see Lim v. INS, 224 F.3d 929, 936 (9th Cir. 2000) (unfulfilled threats alone do not constitute past persecution, unless threats are so menacing as to cause significant actual suffering or harm). While we are sympathetic to the experiences of Makarov's wife (fired from her job) and son (beaten at school by fellow students), we conclude that the evidence relating to these experiences does not compel reversal.

We also agree with the IJ that Makarov did not show a well-founded fear of future persecution, as he failed to show that the threat to ethnic Russians is countrywide and that relocation in Kazakhstan is not reasonable, or that he faces a particularized fear separate from that of the general ethnic minority population. See Melecio-Saquil v. Ashcroft, 337 F.3d 983, 987-88 (8th Cir. 2003) (countrywide threat); Safaie v. INS, 25 F.3d 636, 641 (8th Cir. 1994) (particularized fear); 8 C.F.R. § 208.13(b)(3)(i) (2003) (relocation). Last, because Makarov failed to meet the lower burden of proof on the asylum claim, he failed to meet the higher burdens for

withholding of removal and relief under the Convention Against Torture.  <u>See</u> <u>Kratchmarov v. Heston</u>, 172 F.3d 551, 555 (8th Cir. 1999) (withholding of removal); 8 C.F.R. § 208.16(c)(2) (2003) (Convention).

Accordingly, we deny the petition.

_____