# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-4055

_____

Mohamed Egal,                                     *
                                                  *
                Petitioner,                       *
                                                  *   Petition for Review
        v.                                        *   of an Order of the
                                                  *   Board of Immigration Appeals.
John Ashcroft, Attorney General of                *
the United States of America,                     *        [UNPUBLISHED]
                                                  *
                Respondent.                       *

_____

Submitted: October 22, 2004
Filed: October 26, 2004

_____

Before RILEY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

        Mohamed Egal, a Somalian citizen, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ's) denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We grant Egal's motion to proceed in forma pauperis, and after carefully reviewing the record, we deny his petition. See Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) (standard of review).

Specifically, the BIA's finding of no past persecution is supported by substantial evidence. See Hagi-Salad v. Ashcroft, 359 F.3d 1044, 1045 (8th Cir. 2004) (defining persecution). Substantial evidence also supports the BIA's determination that Egal did not establish a well-founded fear of future persecution. See Kondakova v. Ashcroft, 383 F.3d 792, 798 (8th Cir. 2004) (applicant must genuinely fear persecution and offer credible, specific evidence that a reasonable person in his position would fear persecution if returned); Navarijo-Barrios v. Ashcroft, 322 F.3d 561, 564 (8th Cir. 2003) (BIA may reasonably rely on State Department's assessment of current country conditions as they relate to the likelihood of future persecution); 8 C.F.R. § 208.13(b)(3)(i) (2004) (in cases where applicant has not established past persecution, he has burden of showing that it would not be reasonable for him to relocate, unless persecution is by a government or is government-sponsored).

Because we find that substantial evidence supports the BIA's denial of Egal's request for asylum, his application for withholding of removal necessarily fails as well. See Regalado-Garcia v. INS, 305 F.3d 784, 788 (8th Cir. 2002) (standard for withholding of removal is more rigorous than standard for granting asylum). To the extent Egal is challenging the BIA's denial of CAT relief, we find no basis in the record for such a claim. See Habtemicael v. Ashcroft, 370 F.3d 774, 780-82 (8th Cir. 2004) (explaining qualification requirements for relief under CAT).

Accordingly, we deny Egal's petition.

_____