# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-2907

———————

Domingo Juarez Pedro,         *
                                     *

         Petitioner,        *
                                     *   Petition for Review of an

    v.                    *   Order of the Board of
                                     *   Immigration Appeals.

Alberto Gonzales, Attorney General   *
of the United States,            *   [UNPUBLISHED]
                                     *

       Respondent.      *

———————

Submitted: July 7, 2006
Filed: July 12, 2006

———————

Before ARNOLD, BYE, and SMITH, Circuit Judges.

———————

PER CURIAM.

Guatemalan citizen Domingo Juarez Pedro petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ's) denial of Pedro's application for asylum and withholding of removal.[1]  Having carefully reviewed the record, we deny the petition.  See Eta-Ndu v. Gonzales, 411 F.3d 977, 982-83 (8th Cir. 2005) (standard of review).

———————

[1]Pedro also sought relief under the Convention Against Torture, but he has specifically waived that claim on appeal.

We conclude that, given Pedro's asserted bases for asylum and the record before the IJ and the BIA, Pedro did not establish past persecution based on a protected ground. See Gomez v. Gonzales, 425 F.3d 543, 545 (8th Cir. 2005) (record must compel finding that protected ground motivated persecutor's actions). As to a reasonable fear of future persecution, Pedro's testimony indicated he primarily feared returning to Guatemala because he had been gone so long, he did not know anyone there, and he feared his uncle--if still living in Guatemala--might harm him. Also, the State Department reports do not support his fear that he may be kidnaped or killed by guerillas upon his return. See Melecio-Saquil v. Ashcroft, 337 F.3d 983, 987 (8th Cir. 2003) (dramatic changes in Guatemala after 1996 peace accords prevented dated events from translating into objectively reasonable fear of future persecution); Navarijo-Barrios v. Ashcroft, 322 F.3d 561, 564 (8th Cir. 2003) (BIA may reasonably rely on State Department's assessment of current country conditions as they relate to likelihood of future persecution). The State Department reports do, however, support the IJ's determination that Pedro can safely relocate to Guatemala City. See Melecio-Saquil, 337 F.3d at 988 (changes in Guatemalan conditions following 1996 peace accords greatly increased likelihood that asylum applicant could find safe place to live upon his return). Pedro's claim for withholding of removal--which carries a more rigorous burden of proof--necessarily fails as well. See Turay v. Ashcroft, 405 F.3d 663, 667 (8th Cir. 2005).

Pedro's remaining arguments provide no basis for granting his petition for review, and accordingly we deny it.

_____