**TORSPO HOCKEY INTERNATIONAL, INC., Plaintiff,**

v.

**KOR HOCKEY LTD., Defendant.**

**No. 07–CV–0246 (PJS/JJG).**

United States District Court, D. Minnesota.

June 18, 2007.

Peter J. Ims and Z. Peter Sawicki, Westman Champlin & Kelly, PA, for plaintiff.

Lawrence D. Graham, Darren J. Jones, and Douglas A. Grady, Black Lowe & Graham PLLC; Cyrus A. Morton and Trevor J. Foster, Robins Kaplan Miller & Ciresi LLP, for defendant.

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

SCHILTZ, District Judge.

Defendant Kor Hockey, Ltd. ("Kor"), a maker of hockey skates and related equipment, owns U.S. Design Patent D514, 505 (the '505 patent), which covers an ornamental design for the base of a skate. Plaintiff Torspo Hockey International, Inc. ("Torspo") is a competing hockey-skate maker. Torspo, apprehensive that Kor would sue it for infringing the '505 patent (among others), brought this declaratory-judgment action.[1] Torspo seeks a judgment that it is not infringing the '505 patent and that the '505 patent is invalid.

A week after Torspo filed its complaint, Kor moved for a preliminary injunction forbidding Torspo to sell, offer to sell, make, use, or distribute skates that infringe the '505 patent, including several specific models of Torspo skates. Def. Mot. P.I. [Docket No. 2]. The Court heard argument on the motion on April 20, 2007. For the reasons that follow, the motion is denied.

## I. DISCUSSION

■ Injunctions in patent cases, including design-patent cases, are authorized by 35 U.S.C. § 283, which provides that a court "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." To prevail on its motion for a preliminary injunction, Kor must establish four things: (1) Kor is likely to succeed on the merits in the underlying patent suit; (2) Kor will suffer irreparable harm if the Court does not enter an injunction; (3) as between Kor and Torspo, the balance of hardships tips in Kor's favor; and (4) the public interest will be served by the injunction. *See Abbott Labs. v. Andrx Pharms., Inc.*, 452 F.3d 1331, 1334 (Fed. Cir.2006). The Court will address each factor in turn.

### A. Likelihood of Success

To establish at the preliminary-injunction stage that it is likely to succeed in the underlying patent suit, Kor must first persuade the Court that Kor is reasonably likely to prove that Torspo is infringing the '505 patent. Further, if Torspo raises a substantial question at this stage as to the '505 patent's validity, Kor must respond by demonstrating to the Court that Torspo's invalidity argument lacks substantial merit. *See Abbott Labs.*, 452 F.3d at 1335. For the reasons given below, the Court finds that Kor has not established that it will likely prove infringement. The Court also finds that Torspo has not raised a substantial question as to the '505 patent's validity.

#### 1. Infringement

■ To prove infringement, Kor will need to establish that Torspo's accused skates incorporate the design claimed in the '505 patent, as properly construed.

**1.** This action involves, in addition to the '505 patent, two utility patents held by Kor, U.S. Patent No. 6,954,997 and U.S. Patent No. 7,062,867. Because neither of these patents is the subject of the pending preliminary-injunction motion, the Court will not discuss them further.

*See Contessa Food Prods., Inc. v. Conagra, Inc.,* 282 F.3d 1370, 1376 (Fed.Cir. 2002) ("Determining whether a design patent is infringed requires (1) construction of the patent claim, and (2) comparison of the construed claim to the accused product."). An accused product incorporates a claimed design, and therefore infringes a design patent, only if two tests are met. First, under the "ordinary observer" test, the accused design must so resemble the claimed design that an ordinary observer would confuse the two. *Id.* at 1377. Second, under the "points of novelty" test, the accused design must also "appropriate[ ] the novelty which distinguishes the patented design from the prior art." *Id.* The Federal Circuit has cautioned that these tests are "distinct," and that "it is legal error to merge the two tests, for example by relying on the claimed overall design as the point of novelty." *Id.*

Before either the ordinary-observer test or the point-of-novelty test can be applied, the '505 patent must be construed. *Id.* at 1376. Torspo and Kor propose very different claim constructions. Torspo argues that a detailed claim construction is required, and advocates that the Court describe the '505 patent's claimed design narrowly. Pl. Opp. Mot. P.I. at 5–7 [Docket No. 19]. Kor responds that because the scope of a design patent is narrow and is defined by the patent's drawings, no detailed verbal claim construction is required. Def. Reply at 2–6 [Docket No. 12].[2] The Court rejects Torspo's proposed construction as overly broad, but finds that some verbal claim construction is required in light of Torspo's arguments that certain features of the claimed design are functional and are not points of novelty.

■ As the Federal Circuit observed in *Goodyear Tire & Rubber Co. v. Hercules*

*Tire & Rubber Co.,* the process of claim construction "as applied to design patents, must be adapted to the practice that a patented design is claimed as shown in the drawing." 162 F.3d 1113, 1116 (Fed.Cir. 1998). Because a design patent's drawings define the claimed design, the Manual of Patent Examining Procedure observes that "as a rule the illustration in the drawing views is its own best description." Man. Pat. Exam. Proc. § 1503.01 (8th ed.2001, rev.Aug.2006); *see also* Donald S. Chisum, *Chisum on Patents* § 23.04[3] (2007). Some district courts, following this principle, have construed design patents as simply covering what is shown in their drawings. *See Nike, Inc. v. Meitac Int'l Ent. Co.,* No. 2:06–CV–0934, 2006 U.S. Dist. LEXIS 94662, at *6, 2006 WL 3883278, *2 (D.Nev. Oct.11, 2006); *Black & Decker (U.S.), Inc. v. Pro–Tech Power Inc.,* No. 97–1123–A, 1998 U.S. Dist. LEXIS 9162, at *6–7, 47 U.S.P.Q.2d 1843, 1845 (E.D.Va. June 2, 1998).

The Federal Circuit has noted in a nonprecedential decision, however, that "an extensive verbal claim construction may be helpful ... if the drawings contain functional features or if there is a point of novelty issue to consider." *Minka Lighting, Inc. v. Craftmade Int'l, Inc.,* 93 Fed. Appx. 214, 216 (Fed.Cir.2004). And some district courts have provided verbal claim constructions even while embracing the principle that a design patent's illustrations are the claimed design's "own best description." *See ADC Telecomms., Inc. v. Panduit Corp.,* 200 F.Supp.2d 1022, 1033 (D.Minn.2002) (construing design patent to cover the design's "overall ornamental visual impression ... including among the ornamental features a 'dual raceway' of ribs"); *Hsin Ten Enter. USA, Inc. v.*

---

**2.** The Court notes that Kor's reply brief does not conform to Local Rule 7.1(e)'s restrictions on type size. The Court reminds counsel to follow the local rules.

*Clark Enters.*, 149 F.Supp.2d 60, 67 (S.D.N.Y.2001) (construing design patent to cover "the overall visual impression of the following novel, ornamental features," and verbally describing nine features).

In this case, Torspo argues that the particular arch shape illustrated in the '505 patent's drawings is both functional and not a point of novelty.[3] Pl. Opp. Mot. P.I. at 13–15 (arch is not novel), 17–19 (arch is functional). In light of these two arguments, the Court finds it prudent to provide a preliminary verbal claim construction.

■ A design patent protects only the claimed design's "ornamental aspects." *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1404 (Fed.Cir.1997). Accordingly, "[w]here a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent." *Id.* at 1405. It would seem, then—based on *OddzOn*—that if the arch shape illustrated in the '505 patent is functional, it should not be treated as an element of the claimed design, and an accused product could infringe the '505 patent if that product's design included all ornamental elements other than the arch shape.[4]

But under the Federal Circuit's decision in *Elmer v. ICC Fabricating, Inc.*, functional design elements can be claimed in a

design patent to the extent that those functional elements are describable in ornamental terms. 67 F.3d 1571 (Fed.Cir. 1995). *Elmer* involved a design patent covering roof-mounted advertising signs for vehicles. *Id.* at 1577. The drawings depict a sign with "triangular vertical ribs and an upper protrusion." *Id.* The accused infringer argued that its signs were not infringing because they did not include vertical ribs and an upper protrusion as depicted in the patent's drawings. *Id.* at 1576. The patent holder responded that those features were functional, not ornamental, and should therefore not be considered elements of the design—i.e., the vertical ribs and upper protrusion were not claim limitations that would have to be present in an accused design for that design to infringe the patent. *Id.* at 1576–77.

In construing the design patent at issue in *Elmer*, the Federal Circuit rejected the patent holder's argument. According to the court, whether the features at issue were in fact functional was irrelevant for claim-construction purposes; what mattered was the design patent's drawings. The court observed:

> If, as HTH [the patent holder] now contends, the vertical ribs and upper protrusion were functional, not ornamental, features, HTH could have omitted these features from its patent application drawings. HTH did not do so, however,

---

**3.** Torspo's argument about functionality focuses on invalidity rather than infringement: Torspo argues that the '505 patent is invalid because the claimed design's purported point of novelty is functional. Pl. Opp. Mot. P.I. at 17–19. Given this argument by Torspo, the Court finds that it must also consider functionality in relation to claim construction and infringement.

**4.** Some district courts have said that whether a design element is functional is a jury question. *See ADC Telecomms.*, 200 F.Supp.2d at 1035; *Black & Decker*, 47 U.S.P.Q.2d 1843,

1845, 1998 U.S. Dist. LEXIS 9162, at *8–15. It is true that functionality is a fact question with respect to *invalidity, i.e.*, whether a design patent is invalid because the claimed design is functional is a question of fact. *See Hupp v. Siroflex of Am., Inc.*, 122 F.3d 1456, 1461 (Fed.Cir.1997) (reviewing for substantial evidence a finding of invalidity based on fuctionality). But whether certain purported claim limitations are functional or ornamental is, under *OddzOn*, a matter of claim construction for the court. *OddzOn*, 122 F.3d at 1405.

and thus effectively limited the scope of its patent claim by including those features in it.

*Id.* at 1577; *see also Contessa Food Prods.,* 282 F.3d at 1378 ("If features appearing in the figures are not desired to be claimed, the patentee is permitted to show the features in broken lines to exclude those features from the claimed design, and the failure to do so signals inclusion of the features in the claimed design."). Elmer went on to construe the patent at issue to cover "a design that includes among its ornamental features triangular vertical ribs and an upper protrusion." 67 F.3d at 1577.

Thus, under *Elmer,* functional features can be limitations of a design patent if the patentee depicts them in the patent's drawings. This appears to conflict with *OddzOn,* which directs courts to identify non-functional aspects of claimed designs when construing design patents. The Court believes, however, that *OddzOn's* guidance about claim construction relates to the level of generality at which design claims should be construed. The design patent at issue in *OddzOn* covered a soft football with a tailshaft and fins. The Federal Circuit in *OddzOn* noted that the "general features" of a tailshaft and fins were functional and not protectable by a design patent, 122 F.3d at 1404, but that "the overall ornamental visual impression" of the design—including the appearance of the tailshaft and fins—*was* protectable, *id.* at 1405.

■ Under *OddzOn* and *Elmer* together, then, a functional element of a design can be claimed to the extent that its ornamental features are depicted in a design patent's drawings. The Court therefore finds that even if the arch shape depicted in the '505 patent is functional—which, the Court finds below, it is not—its particular ornamental shape is a limitation of the claimed design.

The Court therefore construes the '505 patent as follows for purposes of the preliminary-injunction motion: The '505 patent claims the ornamental design for the bottom portion of a skate boot as depicted in the drawings of the '505 patent. The illustrated, claimed ornamental features include:

(1) a significantly high profile at the heel of the skate, continuing slightly forward of the heel;

(2) a gradually downward-sloping profile from slightly forward of the heel, through the mid-portion of the boot, to approximately the beginning of the toe area;

(3) on the outside of the boot, a profile that slopes further downward through a transition area at approximately the beginning of the toe area to a thinner, flatter profile under the toe area;

(4) on the inside of the boot, a profile that slopes slightly upward to a small peak at approximately the beginning of the toe area, then slopes downward again toward the front of the boot;

(5) when viewed from the rear, a profile that is slightly higher on the inside than on the outside; and

(6) a generally symmetrical curved arch (as viewed from the side) occupying generally only the mid-portion of the boot, i.e., the portion under the arch of the wearer's foot.

With this claim construction in mind, the Court turns to the two tests for infringement.

### a. The Ordinary–Observer Test

■■ An accused design meets the ordinary-observer test if an ordinary observ-

er, inspecting the accused design with the level of care he would ordinarily use when buying the accused product, would think that the accused design and the claimed design are substantially the same. *Amini Innovation Corp. v. Anthony Cal., Inc.,* 439 F.3d 1365, 1371 (Fed.Cir.2006) (citing *Gorham Co. v. White,* 14 Wall. 511, 81 U.S. 511, 528, 20 L.Ed. 731 (1871)). A district judge is an ordinary observer, and courts may therefore conduct the ordinary-observer test without referring to some hypothetical ordinary observer. *See Minka Lighting,* 93 Fed.Appx. at 216 (collecting and explaining cases).

■■■ The ordinary-observer test must be conducted based on the claimed design as a whole, because when a design patent is infringed, "the deception that arises is a result of similarities in the overall design, not of similarities in ornamental features considered in isolation." *Amini Innovation,* 439 F.3d at 1371. Accordingly, a court "must not convert the overall infringement test into an element-by-element comparison." *Id.* at 1372. Moreover, "it is not necessary that every aspect of the designs be identical" for an accused design to meet the ordinary-observer test. *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.,* 393 F.3d 1378, 1383 (Fed.Cir. 2005).

In light of these principles, the Court finds that Kor is likely to prove that an ordinary observer would consider Torspo's accused skates to incorporate substantially the same design claimed in the '505 patent. Although there are slight differences between the accused skates and the claimed design, these slight differences cannot, under the law, be viewed in isolation. As a whole, the accused Torspo skates sufficiently resemble the claimed design that the ordinary-observer test is likely to be met.

### b. The Point–of–Novelty Test

■■■ The first step in conducting the point-of-novelty test is identifying precisely what the points of novelty are. A point of novelty is an element of the claimed design that distinguishes it from the prior art. *See Goodyear Tire & Rubber Co.,* 162 F.3d at 1118. The patentee bears the burden of establishing a claimed design's points of novelty. To meet this burden, "the patentee must introduce into evidence, at a minimum, the design patent at issue, its prosecution history, and the relevant prior art references cited in the prosecution history; and must present, in some form, its contentions as to points of novelty." *Bernhardt, L.L.C. v. Collezione Europa USA, Inc.,* 386 F.3d 1371, 1384 (Fed.Cir.2004). Whether a particular design element is a point of novelty is a question of fact. *Id.* ("A determination of the differences between the patented design and the prior art is not especially different from the factual determinations that district courts routinely undertake on other issues, such as obviousness.").

Kor has identified, in its opening brief, a single point of novelty: "a base with an arching midpoint beneath the arch of the foot." Def. Mem. Supp. Mot. P.I. at 7 [Docket No. 4]. According to Torspo, however, the claimed arch shape is not novel. Torspo's argument on this point is a hybrid noninfringement/invalidity argument: Torspo argues that its skate does not include any of the claimed design's points of novelty (which would mean that Torspo's skate does not infringe because it fails the point-of-novelty test) because the claimed design *has no* points of novelty (which would render the '505 patent anticipated or obvious and therefore invalid). Pl. Opp. Mot. P.I. at 9.

As to the claimed arch shape—the only point of novelty identified in Kor's opening brief—the Court finds that Torspo will

likely prove that this shape is, in fact, not novel. A similar arch shape is illustrated in the following patents and applications, which Kor has conceded (for purposes of this motion) are prior art: Figure 2 of U.S. Patent No. 6,267,411, Ims Decl. Ex. P; Figure 1 of U.S. Patent No. 6,186,519, Ims Decl. Ex. Q; Figure 2 of U.S. Patent No. 5,855,380, Ims Decl. Ex. R; and Figures 1–4 of Canadian patent application 2,284,046, Ims Decl. Ex. S.

In its reply brief, Kor does not deny that these references disclose the claimed arch shape, but instead suggests that they are irrelevant because they disclose the bottoms of boots, not skates. Def. Reply at 11. Kor appears to be arguing that the Court should ignore the references because they are not analogous prior art. The Court disagrees. The boots disclosed in the references cited above are all attached to in-line roller skates. In-line roller skates are analogous prior art to the '505 patent, as the '505 patent itself discloses: One of the references cited on the face of the '505 patent—U.S. Patent No. 6,056,299 to Soo—is for a skate base for an in-line roller skate.

In its reply brief, Kor makes two additional arguments on the point-of-novelty test that merit brief comment. First, Kor asserts that various elements of the claimed design other than the claimed arch shape are points of novelty. Def. Reply at 12. Kor asserts that these other claimed design elements are not found in the prior art or in the references attached to Torspo's opposition brief. *Id.* But Torspo had no reason to present prior art that includes these other design elements because Kor did not identify them in its opening brief as points of novelty. This illustrates why federal courts do not, as a rule, entertain arguments made by a party for the first time in a reply brief. *See, e.g., Navarijo–Barrios v. Ashcroft*, 322 F.3d

561, 564 n. 1 (8th Cir.2003); *Black v. Indep. Sch. Dist. No. 316*, 476 F.Supp.2d 1115, 1121 n. 6 (D.Minn.2007). If Kor had intended to rely on points of novelty other than the claimed arch shape to prove infringement, Kor had the burden of identifying those points of novelty in its opening brief and thus giving Torspo a fair chance to respond.

Kor also argues that it did not need to carefully list the points of novelty in its opening brief because the accused skates so closely resemble the claimed design that "no detailed analysis of specific points of novelty is required." Def. Reply at 10. The Court recognizes that at least two district courts have granted preliminary injunctions in design-patent cases without carefully analyzing points of novelty, on the theory that the accused designs were so similar to the claimed designs that no point-of-novelty analysis was needed. *See Nike*, 2006 WL 3883278, **2–3, 2006 U.S. Dist. LEXIS 94662, at *7–8; *Nat'l Presto Indus., Inc. v. Dazey Corp.*, No. 90–C–6614, 1990 U.S. Dist. LEXIS 17760, at *15–16, 18 U.S.P.Q.2d 1113, 1117–1118 (N.D.Ill.Dec. 17, 1990).

The Federal Circuit, however, has repeatedly admonished courts that an "overall design" cannot be a point of novelty. In *Sun Hill Industries, Inc. v. Easter Unlimited, Inc.*, for example, the Federal Circuit observed, "[t]he trial court's choice of the overall design as the point of novelty, and its consequent collapsing of the point of novelty test into the substantial similarity test, constitute legal error." 48 F.3d 1193, 1197 (Fed.Cir.1995); *see also Lawman Armor Corp. v. Winner Int'l, LLC*, 437 F.3d 1383, 1385–86 (Fed.Cir. 2006); *Winner Int'l Corp. v. Wolo Mfg. Corp.*, 905 F.2d 375, 376 (Fed.Cir.1990). In light of the Federal Circuit's emphasis on keeping the ordinary-observer test (referred to as the "substantial similarity"

test in the quotation from *Sun Hill* above) distinct from the point-of-novelty test, the Court disagrees with Kor that the strong resemblance between the claimed design and the accused Torspo skates authorizes the Court to dispense with a separate point-of-novelty analysis.[5]

Because Kor identified only the claimed arch shape as a point of novelty in its opening brief, and because the Court finds that Torspo will likely prove that the arch shape is not novel, Kor is not likely to succeed in establishing infringement under the point-of-novelty test at trial. Kor is therefore not entitled to a preliminary injunction.

## 2. Invalidity

 Patents, including design patents, are presumed valid, and their invalidity must be established at trial by clear and convincing evidence. *Rosco, Inc. v. Mirror Lite Co.*, 304 F.3d 1373, 1377 (Fed. Cir.2002). At the preliminary-injunction stage, however, something less than clear and convincing evidence can suffice to create a substantial question of invalidity. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1358 (Fed.Cir.2001).

Torspo argues that it has raised a substantial question as to the '505 patent's validity because Torspo will be able to prove that the claimed design is both functional and not novel. The Court disagrees.

### a. Functionality

As explained above, as a matter of claim construction, the Court disregards whether the shape of the arch in the claimed design is functional. Whether the claimed design is *invalid* because it is functional, however, is a separate question.

 Under Federal Circuit law, courts must "apply a stringent standard for invalidating a design patent on grounds of functionality: the design of a useful article is deemed functional where the appearance of the claimed design is dictated by the use or purpose of the article." *Id.* at 1378 (quotations omitted). In applying this stringent standard, the question is not whether a particular feature—such as the claimed arch shape—is functional, but rather whether the claimed design *as a whole* is functional. In the Federal Circuit's words:

In determining whether a design is primarily functional or primarily ornamental the claimed design is viewed in its entirety, for the ultimate question is not the functional or decorative aspect of each separate feature, but the overall appearance of the article, in determining

---

5. The Court also notes that Kor mischaracterizes Federal Circuit case law on this issue. Kor asserts that "infringement has been found—*and upheld by the Federal Circuit*—without any express evaluation of the points of novelty." Def. Reply at 9 (emphasis added). Kor cites the Northern District of Illinois's opinion in *National Presto Industries v. Dazey Corporation* for this proposition. It is true that the district court in *National Presto*, because it found that the accused device resembled the claimed design "in almost every significant respect," found a likelihood of design-patent infringement and granted a preliminary injunction without conducting a point-of-novelty test. 18 U.S.P.Q.2d 1113, 1117–18, 1990 U.S. Dist. LEXIS 17760, at *

15. And it is true that the Federal Circuit affirmed the district court's granting of the injunction. *Nat'l Presto Indus., Inc. v. Dazey Corp.*, 949 F.2d 402, 1991 U.S.App. LEXIS 22984, 1991 WL 193450 (Fed.Cir.1991). But the injunction was granted based on allegations of both design-patent infringement *and* trade-dress infringement, and the Federal Circuit affirmed the district court solely on trade-dress grounds, expressly noting that "we do not reach the patent aspects." *Id.* In light of this disclaimer, *National Presto* does not stand for the proposition that the Federal Circuit has upheld a preliminary finding of design-patent infringement without an express evaluation of points of novelty.

whether the claimed design is dictated by the utilitarian purpose of the article. *L.A. Gear, Inc. v. Thom McAn Shoe Co.,* 988 F.2d 1117, 1123 (Fed.Cir.1993).

In this case, Torspo has argued only that the particular arch shape identified by Kor as a point of novelty is functional. Under *L.A. Gear,* this does not appear to be sufficient to establish that the claimed design, as a whole, is invalid as functional. This conclusion is not free from doubt; if the claimed arch shape were indeed the claimed design's only point of novelty, and that shape were "dictated by the utilitarian purpose" of the skate base, perhaps it would make sense to find the claimed design invalid as being functional. But *L.A. Gear* seems to say otherwise.

In any case, even if the claimed arch shape's functionality in isolation would be sufficient to render the '505 patent invalid, the Court disagrees that Torspo is likely to establish that the claimed arch shape is primarily functional. The claimed arch shape appears to have no relationship to the fit or functioning of the skate. The skate's exterior shape does not even dictate whether the inside of the skate has an arch—or, if it does, the shape of that interior arch. Instead, the interior arch is created primarily by materials on the inside of the skate. Torspo will therefore have difficulty proving that he claimed exterior arch shape is functional.

### b. Novelty

As noted above, the Court agrees with Torspo that the claimed arch shape is not novel. If the arch shape were the '505 patent's only point of novelty, the '505 patent might be invalid for obviousness (or anticipation).[6] Kor, however, asserts in its reply brief that the claimed design includes a number of points of novelty besides the arch shape. According to Kor, additional points of novelty include "the high heel profile, the sloped downward transition from the high profile at the heel toward the mid-foot portion, [and] the relatively shallow profile from the mid-foot forward to the toe." Def. Reply at 12.

Although the Court did not consider these additional purported points of novelty in analyzing infringement because Kor did not discuss them in its opening brief, the Court will consider them in the context of Torspo's obviousness argument. Torspo raised the defense of obviousness in its opposition to Kor's opening brief, and Kor

---

**6.** Oddly, even if no individual feature of Kor's claimed design is novel, it appears that the novelty of the overall design (if established) might be enough to render the '505 patent valid. In *L.A. Gear,* the Federal Circuit upheld a district court's finding of nonobviousness where "all of the elements of the [claimed design] were known, but ... these particular elements had not previously been combined in a single shoe design." 988 F.2d at 1124. *L.A. Gear,* which relied on the Federal Circuit's old teaching-suggestion-motivation test for obviousness, may not be good law after the Supreme Court's decision on obviousness in *KSR Int'l Co. v. Teleflex Inc.,* —— U.S. ——, 127 S.Ct. 1727, 167 L.Ed.2d 705 (2007). And the proposition that a novel combination of non-novel elements could render a claimed design nonobvious seems to conflict directly with the Federal Circuit's point-of-novelty test, under which a combination of elements is *not* a permissible "point of novelty" for infringement purposes. *See, e.g., Lawman Armor,* 437 F.3d at 1386 ("If the combination of old elements shown in the prior art is itself sufficient to constitute a 'point of novelty' of a new design, it would be the rare design that would not have a point of novelty."). This conflict between how novelty is treated for purposes of validity and infringement raises a strange possibility: A design patent based on a novel combination of existing design features might be valid (because validity can, perhaps, be based on the combined design's novelty) but uninfringeable (because the points of novelty must be considered one-by-one).

properly responded to that defense in its reply brief.

None of the references found in the patent's prosecution history or provided to the Court by Torspo discloses a skate base with an outline that closely resembles the design claimed in the '505 patent. Accordingly, the Court does not find that Torspo has raised a substantial question as to whether the '505 patent is invalid for obviousness or anticipation.

### B. Other Preliminary– Injunction Factors

Because Kor has not established that it is likely to succeed in the underlying patent litigation, the Court must deny Kor's motion for a preliminary injunction. The Court will therefore discuss the remaining three preliminary-injunction factors only briefly.

### 1. Irreparable Harm

 Kor argues that if it has established a likelihood of success on the merits, it is entitled to a presumption of irreparable harm. Def. Mem. Supp. Mot. P.I. at 7–8. Kor cites various pre–2006 Federal Circuit cases to support its position. In light of the Supreme Court's decision in *eBay, Inc. v. MercExchange, L.L.C.*, however, the Court finds that it may not presume that a patentee who is likely to succeed on the merits at trial will suffer irreparable harm in the absence of a preliminary injunction. — U.S. ——, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006). In *eBay*, the Court rejected the Federal Circuit's categorical rule that a patentee who has prevailed at trial is entitled to a permanent injunction. *Id.* at 1841. The Court emphasized that traditional equitable principles "apply with equal force to disputes arising under the Patent Act." *Id.* at 1839. Although *eBay* involved permanent rather than preliminary injuctions, the Court believes that *eBay's* logic forbids courts to categorically presume irreparable harm in the preliminary-injunction context, even if a patentee has established that it will likely succeed on the merits. *See Canon, Inc. v. GCC Int'l Ltd.*, 450 F.Supp.2d 243, 254 (S.D.N.Y.2006) (observing that, in light of *eBay*, a party seeking a preliminary injunction "must *demonstrate* the likelihood of irreparable injury in the absence of a grant of the requested injunction") (emphasis added).

The Court finds that, even if Torspo is infringing the '505 patent, Kor has not established that it is likely to suffer irreparable harm if the Court denies Kor's preliminary-injunction motion. Kor argues that Torspo's infringement will cost Kor sales and goodwill for two reasons: First, customers will buy Torspo skates because customers will believe that the Torspo skates are identical to Kor's skates, Def. Mem. Supp. Mot. P.I. at 9; and second, Kor's customers will underestimate the uniqueness of Kor's skates when faced with identical-looking Torspo skates and will be "disinclined to believe Kor's ovations about its unique products," Def. Mem. Supp. Mot. P.I. at 8.

The Court is not persuaded that Kor will be irreparably harmed as a result of customers' confusing Kor's and Torspo's skates. Although, as noted above, the Court finds that an ordinary observer would consider the *bases* of Kor's and Torspo's skates to be ornamentally very similar, the similarity of the bases' appearance would not likely mislead customers as to who made each skate. The base is only one element of a skate's appearance. The upper portions of Kor's and Torspo's skates are not confusingly similar, and the skates prominently bear the parties' respective logos. While the presence of a logo cannot defeat a design-infringement claim, *see L.A. Gear*, 988 F.2d at 1126, the Court believes that markings such as logos are relevant to the question of irreparable

harm when the holder of a design patent asserts that it will be harmed by customer confusion.

Further, the Court is not persuaded that Kor's reputation for innovation or uniqueness will be irreparably harmed by Torspo's activities, even if those activities are infringing. Kor seeks a preliminary injunction to protect a *design* patent, not a utility patent. To the extent that Kor seeks to develop a reputation for *functionally* innovative products, that reputation is not likely to be harmed by Torspo's appropriation of an ornamental design. And to the extent that Kor seeks to develop a reputation for visually, but not functionally, distinctive products, the Court is not persuaded that Torspo's copying of Kor's visual designs irreparably harms Kor's reputation. Indeed, such copying could arguably *enhance* Kor's reputation. Imitation is, after all, the sincerest form of flattery.

### 2. Balance of Hardships and Public Interest

Both of the final two preliminary-injunction factors—the balance of hardships and the public interest—weigh slightly in Kor's favor. If Torspo is indeed infringing the '505 patent, Kor is suffering at least an invasion of its patent rights and perhaps also some commercial disadvantage. And Torspo's argument on the balance-of-hardships point merely rehashes its arguments as to the merits: Torspo contends that because it is not infringing the '505 patent, it would suffer more from an injunction than Kor would from the lack of one. Pl. Opp. Mot. P.I. at 19–20. Torspo has failed to explain what hardship it would suffer from a preliminary injunction if Kor were likely to prevail on the merits. Accordingly, the Court finds that the balance of hardships tips in Kor's favor.

Similarly, because the public interest is generally served by the enforcement of patent rights, this factor favors Kor. And because this case involves hockey skates rather than, say, lifesaving drugs, the Court does not believe that the public interest would militate *against* granting a preliminary injunction if Torspo's skates infringed the '505 patent.

These two factors, however, are not a sufficient basis for a preliminary injunction. Because Kor has established neither that it will likely succeed on the merits, nor that it will suffer irreparable harm in the absence of an injunction, Kor is not entitled to a preliminary injunction.

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings, herein, it is HEREBY ORDERED that Kor's Motion for a Preliminary Injunction [Docket No. 2] is DENIED.